OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendants appeal from their convictions of criminal sale of marihuana in the fourth degree entered, upon their pleas of guilty, in satisfaction of the indictments against them.
Contrary to defendant Wolf son’s argument, the prosecution was not barred by the alleged representation or promise that the “book would be closed” following completion of the internal, administrative investigation of marihuana use by members of the Nassau County District Attorney’s staff. Immunity may be conferred by operation of the Constitution (see NY Const, art I, § 6; People v Steuding, 6 NY2d 214) or as authorized by statute (see CPL 50.20, 190.40). Neither basis is claimed to exist here. The informal “promise” of nonprosecution, if such there was, could confer no immunity from prosecution. Except perhaps in unusual circumstances not alleged here, such a promise at most would entitle defendant to suppression of the resulting statements as involuntary (see CPL 60.45, subd 2, par [b], cl [i]).
Also rejected is the assertion by defendants Wolf son and Dunbar that the Grand Jury proceeding was defective within the meaning of CPL 210.20 (subd 1, par [c]) and 210.35 (subd 5). Defendants rely first on the failure of the District Attorney to obtain a waiver of nonresidence, required for county employment by section 13-1.0 of the Nassau County Administrative Code, for the Special Assistant Dis *871 trict Attorney prior to presentment to the Grand Jury, asserting that the defect rendered the prosecutor a person unauthorized to appear before that body. It is true that presentation to a Grand Jury by one who has no jurisdiction over the subject matter so impairs the integrity of the Grand Jury as to require dismissal of the indictment (People v Di Falco, 44 NY2d 482). But there is no such lack of authority here. Whatever the other effects of a failure to comply with the waiver of nonresidence requirement, that omission does not affect the authority or power of an appointee to serve as Special Assistant District Attorney following appointment by the District Attorney and the taking of the oath of office. Nor does the record support defendants’ claim that other defects in the proceedings so impaired the integrity of the Grand Jury as to warrant dismissal.
Finally, defendants’ remaining contentions relate, at bottom, to the sufficiency of the evidence before the Grand Jury, claims which were waived by their guilty pleas (People v Kazmarick, 52 NY2d 322).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur; Judge Meyer taking no part.
Order affirmed in a memorandum.