OPINION OF THE COURT
John A. Lahtinen, J.
Petitioner, Joseph Mileto (Mileto), a defendant in a pending criminal prosecution, has commenced this CPLR article 78 proceeding seeking an order disqualifying respondent, Karl J. *563 Sleight (Sleight), from acting in the capacity of Franklin County Assistant District Attorney for failing to satisfy the residency requirements of Public Officers Law § 3 and the requirements of County Law § 702. Mileto sought similar relief against respondent, Franklin County District Attorney Andrew Schrader (Schrader), in an earlier application which was denied by this court in a written decision and order dated May 29, 1998, to which reference is hereby made.
There is no dispute as to the facts. Mileto, notwithstanding his status as a defendant in a criminal proceeding, is a resident and taxpayer of Franklin County. Sleight was appointed by Schrader, as a Franklin County Assistant District Attorney (an office conceded by respondents to be a “local office” as referenced in the statute), to assist him in the prosecution of a multicount indictment pending in the Franklin County Court charging petitioner with a number of serious, noncapital offenses including murder. After appointment, Sleight filed his oath of office. He receives no salary from Franklin County. Sleight is an Assistant Attorney-General of the State of New York and does not live in Franklin County. There is no proof that the Franklin County Board of Supervisors authorized Sleight’s appointment pursuant to County Law § 702, but where, as here, the appointment does not impose a financial obligation upon Franklin County requiring the appropriation of funds, none is required. (See, People v Anderson, 237 AD2d 989 [4th Dept 1997].)
The question left to be decided is whether the residency requirement of section 3 of the Public Officers Law has any applicability to the facts above stated. The pertinent part of section 3 states:
“§ 3. Qualifications for holding office
“1. No person shall be capable of holding a civil office who shall not, at the time he shall be chosen thereto, have attained the age of eighteen years * * * be a citizen of the United States, a resident of the state, and if it be a local office, a resident of the political subdivision or municipal corporation of the state for which he shall be chosen” (emphasis added).
Mileto concedes that the failure to meet the above residency requirement is not jurisdictional so as to invalidate the prior actions taken by Sleight as an Assistant District Attorney, but argues section 3 requires this court to disqualify Sleight as Franklin County Assistant District Attorney and remove him from office. Respondents rely on Matter of Haggerty v Himelein (89 NY2d 431), claiming the Court of Appeals unequivocally *564 sanctioned the propriety of the appointment of an Assistant Attorney-General to the position of an Assistant District Attorney to perform prosecutorial duties under the direction of the District Attorney. Section 3 of the Public Officers Law is mentioned only in a footnote in Haggerty (at 437, n): “To the extent that the appointments to the position of Assistant District Attorney, Cattaraugas County here may implicate residency requirements of Public Officers Law § 3 (1), we have previously held that such eligibility features are not jurisdictional in nature (see, People v Dunbar, 53 NY2d 868, 871; see also, People v Carter, 77 NY2d 95, 103).”
The Haggerty Court’s reference to pages 871 and 103 of Dunbar and Carter (supra), respectively, is to the following passage from Dunbar (at 871) which was restated in Carter: “Whatever the other effects of a failure to comply with the waiver of non-residence requirement, that omission does not affect the authority or power of an appointee to serve as Special Assistant District Attorney following appointment by the District Attorney and the taking of the oath of office.” The Haggerty Court was faced, inter alia, with an article 78 proceeding which sought an order of prohibition preventing the Assistant Attorneys-General duly appointed as Assistant District Attorneys from continuing to participate in the prosecution of that action upon the ground that “the Attorney-General and his staff were and remain without jurisdictional authority to assume any prosecutorial role in this local criminal matter” (89 NY2d 431, 434-435). Respondents claim that this court is drawing a distinction without a difference and illogically interpreting the holding in Haggerty by suggesting Public Officers Law § 3 could form the basis of the relief Mileto requests. In this court’s opinion, to adopt respondents’ argument would be to ignore the existence of that law and the numerous court decisions interpreting its effect. (See, e.g., Matter of Hosley v Curry, 85 NY2d 447.)
The simple question presented here has not been specifically dealt with in any of the cases cited by either party. The Dunbar Court was faced with an Assistant District Attorney’s failure to comply with the waiver of nonresidence requirement contained in the Nassau County Administrative Code. The Court there stated that the effects of the failure to comply with that requirement, whatever they may be, did not include the invalidation of an otherwise duly appointed Assistant District Attorney’s authority to act as the People’s representative. In Carter (supra), appellant tried to overturn his conviction argu *565 ing the Assistant District Attorney who presented the case to the Grand Jury and obtained the verdict on behalf of the People was not a duly admitted attorney making that Assistant District Attorney an unauthorized person present in the Grand Jury room and rendering his conviction void. In Haggerty (supra), as noted above, the Court was faced with an argument that the appointments of Assistant Attorneys-General as Assistant District Attorneys were jurisdictionally defective. All three of the above applications were unsuccessful, there being no jurisdictional defects found in the prosecutions of those cases. As Dunbar (supra) and Haggerty hold, and Carter suggests, Sleight’s failure to satisfy the residency requirement of Public Officers Law § 3 is not a jurisdictional defect, but a mere irregularity that may be waived, and is waived, by failure to object or raise the issue prior to the conclusion of a criminal proceeding. That is not the case here. Mileto, a proper party to this appropriate proceeding, has timely objected to Sleight’s continued appointment as a Franklin County Assistant District Attorney. This court is constrained by the language of Public Officers Law § 3 to disqualify Sleight from the office of Assistant District Attorney of Franklin County.
The court notes other avenues are available to Schrader to attempt to secure the assistance of Sleight in this prosecution.
None of the other arguments raised by the parties merit discussion.
On the facts herein stated and for the reasons set forth above, Mileto’s application is granted to the extent that this court finds respondent Karl J. Sleight is not a resident of Franklin County for the purposes of Public Officers Law § 3 and, accordingly, not qualified to continue to serve as an Assistant District Attorney of Franklin County.