■ In the Matter of JOSEPH MILETO, Respondent, v KARL J. SLEIGHT et al., Appellants. [690 NYS2d 149] —Spain, J. Appeal from a judgment of the Supreme Court (Lahtinen, J.), entered September 16, 1998 in Franklin County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to disqualify respondent Karl J. Sleight as Assistant District Attorney of Franklin County.

In February 1998, the Franklin County District Attorney, re-

spondent Andrew Schrader, appointed respondent Karl J. Sleight, who is employed as an Assistant Attorney General, to the position of Franklin County Assistant District Attorney for the limited purpose of assisting in the prosecution of petitioner on an indictment charging, *inter alia*, the crime of murder in the second degree. Notably, Sleight is not a resident of Franklin County. In June 1998, while his indictment was pending in County Court, petitioner commenced this special proceeding seeking an order disqualifying Sleight from the position of Franklin County Assistant District Attorney asserting that, under Public Officers Law § 3 (1), all Assistant District Attorneys are required to be residents of the county in which they serve, and that Schrader lacked authority to appoint Sleight, a nonresident, to the position of Assistant District Attorney.

Petitioner did not request dismissal of the indictment but, instead, sought termination of Sleight's appointment as Franklin County Assistant District Attorney and compliance with Public Officers Law § 3 with respect to Sleight's employment. In separate answers, respondents sought dismissal of the petition for failure to state a cause of action. Sleight filed an affidavit which asserted that petitioner could not contest his appointment under Public Officers Law § 3, specifically arguing that petitioner had no basis to bring this petition and that failure to comply with the residency requirement of section 3 did not affect his authority to act as an Assistant District Attorney in Franklin County.

In a well-reasoned decision and order, Supreme Court found that, based on existing case law, Sleight's failure to satisfy the residency requirements of Public Officers Law § 3 was not a jurisdictional defect but, rather, was "a mere irregularity that may be waived, and is waived, by the failure to object or raise the issue prior to the conclusion of the criminal proceeding". However, the court found that petitioner had timely objected to Sleight's appointment and granted petitioner's application, holding that, based on the language of Public Officers Law § 3, Sleight was disqualified. Respondents then appealed. Thereafter, on October 16, 1998, Governor George Pataki, at the request of Schrader and pursuant to NY Constitution, article IV, § 3 and Executive Law § 63 (2), appointed the Attorney General to prosecute petitioner, who then assigned this duty to Sleight.

In our view, the issues raised in this appeal are moot. The subsequent superseding gubernatorial appointment has eliminated from this special proceeding any and all controver-

sies related to Schrader's earlier appointment of Sleight and, indeed, has removed this dispute from the underlying prosecution; also, it has rendered Supreme Court's judgment to be without effect on the rights of the parties, which would also be true of any ruling on this appeal. As petitioner notes in his brief, "[n]ow that Governor Pataki appointed the Attorney-General's office, there is nothing to dispute". Moreover, the issues raised in this case are not sufficiently substantial, novel or recurring, yet typically evading review and, thus, this case is not of the class that "should be preserved as an exception to the mootness doctrine" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 715). Accordingly, the appeal should be dismissed.

Cardona, P. J., Mikoll, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs. [*See,* 178 Misc 2d 562.]