■ In the Matter of VINCENT LEONE, Petitioner, v RAYMOND W. KELLY, as Police Commissioner of the City of New York, et al., Respondents. [811 NYS2d 370]—

Determination by respondent Commissioner, dated August 3, 2004, which, after a hearing, found petitioner guilty of failing to properly conduct an investigation and take possession of found property during an Internal Affairs Bureau integrity test, and failing to properly assist a person attempting to retrieve his property held in the custody of the Police Department, and penalized him with forfeiture of 30 vacation days, unanimously confirmed, the petition denied and the proceeding (transferred to this Court by order of the Supreme Court, New York County [Paul G. Feinman, J.], entered February 22, 2005) dismissed, without costs.

Substantial evidence (*see 300 Gramatan Ave. Assoc. v State*

*Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]) supports the findings against petitioner. Although the evidence lends itself to two conflicting inferences, "the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by the [agency] where the evidence is conflicting and room for choice exists" (*Matter of Stork Rest. v Boland*, 282 NY 256, 267 [1940]). No basis exists to disturb the credibility findings underlying the hearing officer's conclusions as to petitioner's guilt (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]).

Under the circumstances, the penalty is not shocking to our sense of fairness and, accordingly, will not be disturbed (*see Matter of Kelly v Safir*, 96 NY2d 32, 39-40 [2001]). Concur—Mazzarelli, J.P., Marlow, Nardelli, Gonzalez and McGuire, JJ.