■ In the Matter of CHRISTOPHER BROICH, Petitioner, v VILLAGE OF SOUTHAMPTON et al., Respondents. [894 NYS2d 109]—

Proceeding pursuant to CPLR article 78 to review a determination of the Board of the Village of Southampton, dated December 13, 2007, made after a hearing, which found the petitioner guilty of 16 charges of misconduct and/or incompetence, and terminated his employment as a Police Officer with the Village of Southampton Police Department.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The determination is supported by substantial evidence (see *Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]; *300*

*Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *Matter of Mistretta v Kane*, 251 AD2d 418 [1998]). The few instances of conflicting testimony merely "raised issues of credibility for the Hearing Officer to resolve" (*Matter of Leong v Safir*, 259 AD2d 751, 752 [1999]; *see Matter of Berenhaus v Ward*, 70 NY2d at 443-444).

Judicial review of an administrative penalty is limited to "whether the measure or mode of penalty or discipline imposed constitutes an abuse of discretion as a matter of law" (*Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]; *see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 237 [1974]). "[A] penalty must be upheld unless it is 'so disproportionate to the offense as to be shocking to one's sense of fairness,' thus constituting an abuse of discretion as a matter of law" (*Matter of Kelly v Safir*, 96 NY2d at 38, quoting *Matter of Pell v Board of Educ.*, 34 NY2d at 237; *see Matter of Harp v New York City Police Dept.*, 96 NY2d 892, 894 [2001]; *Matter of Ward v Juettner*, 63 AD3d 748, 749 [2009]). "[A] result is shocking to one's sense of fairness if the sanction imposed is so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct, incompetence, failure or turpitude of the individual, or to the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the derelictions of the individuals" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 234 [1974]).

Despite the petitioner's many years of prior service, his acts, inter alia, of insubordination, lying to his superiors, deserting his duty post, and failing to provide backup "cannot be sanctioned since such behavior poses a serious threat to the discipline and efficiency of the police force" (*Matter of DeVito v Culross*, 220 AD2d 747, 748 [1995]). Dismissal for any one of these acts would not be so disproportionate to the offense as to be shocking to one's sense of fairness (*see Trotta v Ward*, 77 NY2d 827, 828 [1991]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County* , 34 NY2d 222, 234 [1974]; *Matter of Gamma v City of Newburgh*, 277 AD2d 236, 237 [2000]), especially in light of his prior disciplinary record (*see Matter of Toth v Nassau County Police Dept.*, 302 AD2d 600 [2003]).

The petitioner's remaining contentions similarly are without merit. Fisher, J.P., Florio, Belen and Austin, JJ., concur.