■ In the Matter of ANDREW OPHARDT, Petitioner, v JULIO VASQUEZ, Commissioner, Community Development of City of

Rochester, et al., Respondents. (Proceeding No. 1.) [904 NYS2d 835]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Harold L. Galloway, J.], entered May 6, 2009) to annul a determination of respondents. The determination found that petitioner violated various provisions of the New York State Uniform Fire Prevention and Building Code.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner-plaintiff (petitioner) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, to annul the determination that he violated six provisions of the New York State Uniform Fire Prevention and Building Code (Building Code) (19 NYCRR 1219.1 *et seq.*; *see* Executive Law § 377). Supreme Court granted declaratory relief in favor of respondents and transferred the "[a]rticle 78 claims" to this Court pursuant to CPLR 7804 (g). We consolidated the transferred proceeding with petitioner's appeal from the order and judgment.

Addressing first the appeal, we note that petitioner's challenges to the sufficiency of the appearance tickets and to the residency of the assistant building inspector who inspected the two properties in question are not proper subjects of declaratory relief, and they therefore should have been addressed as challenges to the determination pursuant to CPLR 7803 (3). Although no appeal lies as of right from a nonfinal order in a

CPLR article 78 proceeding (*see* CPLR 5701 [b] [1]), we nevertheless treat the notice of appeal as an application for permission to appeal with respect to those two issues, and we grant petitioner such permission (*see* CPLR 5701 [c]; *Matter of Legacy at Fairways, LLC v McAdoo*, 67 AD3d 1460, 1461 [2009]; *Matter of Custom Topsoil, Inc. v City of Buffalo*, 63 AD3d 1511 [2009]).

Petitioner contends on appeal that the court erred in determining that the Municipal Code Violations Bureau (MCVB) has jurisdiction to adjudicate the violations of the Building Code in question because they constituted misdemeanor offenses pursuant to Executive Law § 382 (2). We reject that contention inasmuch as the record establishes that petitioner was charged only with violations of the Building Code pursuant to Executive Law § 382 (1) (*see generally* Penal Law § 10.00 [3]). Executive Law § 381 (1) provides local governments with the authority to enforce the Building Code. Pursuant to City of Rochester Municipal Code § 13A-1, the City Court was authorized to establish the MCVB "to assist in the disposition of certain Municipal Code offenses [that] are designated as or constituted a 'violation,' as that term is defined in [Penal Law § 10.00 (3)]" and, pursuant to Municipal Code § 13A-2 (A), the MCVB had jurisdiction to adjudicate the six violations in question. In addition, because petitioner was charged with only violations pursuant to Executive Law § 382 (1) rather than misdemeanor offenses pursuant to section 382 (2), respondents were not required to allege as an element of the violations that petitioner had been served with an order to remedy those violations. They also were not required to serve petitioner with notice of the violations personally or by registered or certified mail (*see* § 382 [2]). We reject petitioner's further contention that respondents lack authority to enforce the Building Code unless the District Attorney delegates his or her prosecutorial authority to respondents inasmuch as Executive Law § 381 (2) specifically authorizes local governments to enforce the Building Code.

We reject the contention of petitioner that the appearance tickets issued with respect to each violation did not sufficiently apprise him of the Building Code violations with which he was charged. Each appearance ticket specified the location on the property where the violation was observed and the Building Code section alleged to be violated, and each appearance ticket contained a phrase describing the violation. In addition, three of the six appearance tickets specified the required remedy.

We agree with petitioner that the assistant building inspector was a public officer within the meaning of Public Officers Law § 3 (1) and that she therefore was subject to the residency

requirement of that statute (*see Matter of Cathy v Prober*, 195 AD2d 999 [1993], *lv denied* 82 NY2d 660 [1993]; *Bowman v Squillace*, 74 AD2d 887, 888 [1980], *appeal dismissed* 50 NY2d 928 [1980]; *Matter of Haller v Carlson*, 42 AD2d 829 [1973]). We nevertheless conclude that the acts of the assistant building inspector are not thereby rendered null and void because the residency requirement of Public Officers Law § 3 (1) is not jurisdictional in nature (*see Matter of Haggerty v Himelein*, 89 NY2d 431, 437 n [1997]; *Mileto v Sleight*, 178 Misc 2d 562, 563-564 [1998], *appeal dismissed* 260 AD2d 977 [1999], *lv denied* 94 NY2d 756 [1999]), and because respondents have the authority to prosecute the Building Code violations in question.

With respect to the transferred proceeding, we conclude that there is substantial evidence in the record to support the determination that petitioner received the notices and orders advising him that he was in violation of the Building Code (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). We note that, because petitioner was not charged with misdemeanor offenses pursuant to Executive Law § 382 (2), service by registered or certified mail was not required. Petitioner contends that the determination with respect to four of the Building Code violations, concerning the eaves and driveway at the Wilder Street property and the gutters at both properties, is not supported by substantial evidence. We reject that contention. The Hearing Officer was entitled to weigh the strength of the conflicting inferences to be drawn from the evidence presented at the hearing and to credit the testimony of the assistant building inspector (*see Matter of Broich v Village of Southampton*, 70 AD3d 822 [2010]; *Matter of Oglesby v New York City Hous. Auth.*, 66 AD3d 905, 908 [2009]; *Matter of Leone v Kelly*, 27 AD3d 294 [2006]). That testimony, in conjunction with the photographs of the Building Code violations observed by the assistant building inspector, constitutes "such relevant proof as a reasonable mind may accept as adequate to support [the] conclusion" that petitioner violated the Building Code provisions in question (*300 Gramatan Ave. Assoc.*, 45 NY2d at 180; *see Matter of Langler v County of Cayuga*, 68 AD3d 1775 [2009]; *Matter of Barbato v New York State Dept. of Health*, 65 AD3d 821, 823 [2009], *lv denied* 13 NY3d 712 [2009]). Present—Scudder, P.J., Martoche, Fahey, Green and Gorski, JJ.