OPINION OF THE COURT
John W. Fried, J.
The legal issue in this case is whether two accusatory instruments charging defendant Plateau Associates LLC with violating Executive Law § 382, an unclassified misdemeanor, are facially sufficient. The court holds that the accusatory instruments are facially insufficient and, accordingly, must be dismissed. (See People v Caravousanos, 2 Misc 3d 7 [App Term, 2d Dept, 9th & 10th Jud Dists 2003].)
Parties and Background
Plateau is a New York limited liability company. It owns the Brandreth Pill Factory at 36 Water Street in Ossining. That building is listed on the National Register of Historic Places, the official list of the nation’s historic places worthy of preservation. Authorized by the National Historic Preservation Act of 1966 (16 USC § 470 et seq.), the National Park Service’s National Register of Historic Places is part of a national program to coordinate and support public and private efforts to identify, evaluate, and protect America’s most important historic and archeological resources. (Http://www.nps.gov/history/nr/ about.htm.)
The Brandreth Pill Factory
“is architecturally significant as the oldest industrial structure still standing in Ossining and as one of the oldest in Westchester County. It is historically significant as an example of Westchester County’s earliest industrial development and as a pioneering facility in the field of patent medicine. It is culturally significant for its association with Benjamin Brandreth (1809-1880), developer of the Brandreth Pill[,] and his associate Thomas Allcock (1815-1891), developer of Allcock’s Porous Plaster.” (Village of Ossining, New York, Significant Sites and Structures Guide at Brandreth Pill Factory-2 [Apr. 2010], http:// www.villageofossining.org/Documents/ *772 Village_of_Ossining_Significant_Sites_Structures_ Guide(2).pdf.)
Plateau has owned the Brandreth Pill Factory since 2001. It has never used or occupied the building. Plateau’s counsel alleges that, in or about December 2008, a permit to demolish the building was issued, but the demolition has not happened because the Village Planning Board allegedly has not acted on Plateau’s pending application for the site. (See affirmation of Paul D. Stone, June 22, 2012 at 1.) The People implicitly contend that Plateau, at least recently, has done little to protect and preserve this American and Ossining historic landmark.
In two accusatory instruments, the People charge that Plateau violated Executive Law § 382 by failing to comply with two different written orders of the Ossining assistant building inspector. One order is dated November 18, 2011; the other order is dated April 17, 2012. Both orders require Plateau to remedy conditions at the Brandreth Pill Factory, which the People allege violate the New York State Uniform Fire Prevention and Building Code (Uniform Code).[1] The maximum sentence upon conviction of section 382 of the Executive Law is a fine of not more than $1,000 per day of violation, or imprisonment not exceeding one year, or both.
The primary purpose of the Uniform Code is to provide, statewide, reasonably uniform standards and requirements for construction and construction materials for public and private buildings, consistent with accepted engineering and fire prevention practices. (Executive Law § 377 [2] [a].) In authorizing the Uniform Code, the state legislature declared, in part, that it is the public policy of this state to “[pjrovide for the promulgation of a uniform code addressing building construction and fire prevention in order to provide a basic minimum level of protection to all people of the state from hazards of fire and inadequate building construction.” (Executive Law § 371 [2] [b].)
For the Village of Ossining, the Board of Trustees, pursuant to Executive Law § 381 (2), has accepted the applicability of the Uniform Code (Code of Village of Ossining § 91-1) and has designated the Building Inspector as the enforcement officer of the Uniform Code (id. § 162-26).
*773 The Court’s Jurisdiction to Hear This Case
The court’s jurisdiction is derived from section 17 of article VI of the New York State Constitution and from New York State law, including, in particular, the Uniform Justice Court Act. As explained below, the court has only limited civil and criminal jurisdiction.
The court’s civil jurisdiction is limited to the types of actions and proceedings enumerated in article 2 of the Uniform Justice Court Act. The court has jurisdiction to adjudicate actions for damages and actions to recover chattels where the sum of money or the value of the property sought to be recovered does not exceed $3,000. (UJCA 202.) The court also has jurisdiction over summary proceedings to recover possession of real property located anywhere within the Town of Ossining, to remove tenants therefrom, and to render judgments for rent due without regard to the amount. (UJCA 204.) No provision of New York law gives this court civil jurisdiction to adjudicate violations of the Uniform Code.
The court’s criminal jurisdiction is derived from section 2001 of the Uniform Justice Court Act, as supplemented by the Criminal Procedure Law. According to the Criminal Procedure Law, this court is what is called a “local criminal court,” with trial jurisdiction of all offenses other than felonies, such as violations and misdemeanors. (CPL 10.30.) An “offense” includes
“conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law, local law or ordinance of a political subdivision of this state, or by any order, rule or regulation of any governmental instrumentality authorized by law to adopt the same.” (Penal Law § 10.00 [1].)
A “violation” is an offense “for which a sentence to a term of imprisonment in excess of fifteen days cannot be imposed.” (Penal Law § 10.00 [3].) A “misdemeanor” is an offense “for which a sentence to a term of imprisonment in excess of fifteen days may be imposed, but for which a sentence to a term of imprisonment in excess of one year cannot be imposed.” (Penal Law § 10.00 [4].) This court has criminal jurisdiction to adjudicate Uniform Code alleged violations because section 382 (2) of the Executive Law proscribes acts or omissions for which a fine and/or a term of imprisonment for not more than one year may be imposed.
*774 Alleged violations of the Uniform Code are important and serious matters. Certain such alleged violations, if not remedied quickly, could cause people to die and could destroy other property. Municipal governments have an important responsibility to enforce the Uniform Code vigorously. As explained above, however, New York law does not give justice courts the jurisdiction and power, before a conviction, to order or compel property owners to remedy alleged Uniform Code violations. Only the Supreme Court has that jurisdiction and power (Executive Law § 382 [3]).
The Accusatory Instruments Charging Plateau
The People initiated this misdemeanor criminal case by filing two accusatory instruments. Because this is a criminal case, those instruments must conform to the pleading requirements of article 100 of the Criminal Procedure Law.[2]
An “information” or a “misdemeanor complaint” must contain both an “accusatory part” and a “factual part.” (CPL 100.15 [1].) The “accusatory part . . . must designate the of-fence or offenses charged.” (CPL 100.15 [2].) The factual part of an accusatory instrument
“must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges. . . . The factual allegations may be based either upon personal knowledge of the complainant or upon information and belief. Nothing contained in this section, however, limits or affects the requirement, prescribed in subdivision one of section 100.40, that in order for *775 an information or a count thereof to be sufficient on its face, every element of the offense charged and the defendant’s commission thereof must be supported by non-hearsay allegations of such information and/or any supporting depositions.” (CPL 100.15 [3] [emphasis added].)
Here, the People have filed two informations charging Plateau with having violated section 382 of the Executive Law. The only part of that statute charging an “offense” is subdivision (2), which states the following:
“Any person, having been served, either personally or by registered or certified mail, with an order to remedy any condition found to exist in, on, or about any building in violation of the uniform fire prevention and building code, who shall fail to comply with such order within the time fixed by the regulations promulgated by the secretary pursuant to subdivision one of section three hundred eighty-one of this article, such time period to be stated in the order, and any owner, builder, architect, tenant, contractor, subcontractor, construction superintendent or their agents or any other person taking part or assisting in the construction of any building who shall knowingly violate any of the applicable provisions of the uniform code or any lawful order of a local government, a county or the secretary made thereunder regarding standards for construction, maintenance, or fire protection equipment and systems, shall be punishable by a fine of not more than one thousand dollars per day of violation, or imprisonment not exceeding one year, or both.”
There are two possible ways by which a defendant can be found guilty of violating Executive Law § 382. The first way consists of two elements; the second way consists of three elements.
For the first way, a defendant must (1) have “been served, either personally or by registered or certified mail, with an order to remedy any condition found to exist in, on, or about any building in violation of” the Uniform Code, and (2) have “fail[ed] to comply with such order within the time fixed by the regulations promulgated by the [Secretary [of State] pursuant to subdivision one of section three hundred eighty-one of this article, such time period to be stated in the order.” (People v Grimditch, 35 Misc 3d 268, 274 [Essex County Ct 2012].)
*776 For the second way, the defendant must (1) be an “owner, builder, architect, tenant, contractor, subcontractor, construction superintendent or their agents or any other person,” (2) “tak[e] part or assist[ ] in the construction of any building,” and (3) “knowingly violate any of the applicable provisions of the uniform code or any lawful order of a local government, a county or the [Secretary [of State] made thereunder regarding standards for construction, maintenance, or fire protection equipment and systems.” (Id.)
Here, Plateau, by its counsel, pursuant to CPL 170.30 and 170.35, has moved to dismiss the two informations based on insufficiency and lack of jurisdiction. More specifically, Plateau argues that the informations are defective, pursuant to CPL 170.35 (1) (a) and (b), in that they are facially insufficient (CPL 100.40) and, for that reason, the court does not have jurisdiction of the charged misdemeanors. The People oppose Plateau’s motions.
Although Plateau acknowledges that the assistant building inspector was authorized to issue and serve the appearance tickets by which Plateau was required to appear in court (see Code of Village of Ossining § 5-2 [B]), it argues the assistant building inspector had no authority to sign the two informations by which Plateau is charged with crimes. That argument, however, is contrary to section 100.10 (1) of the Criminal Procedure Law, which provides that any “person” may sign an information. Plateau’s citation of People v Lowry (184 Misc 2d 306 [App Term, 2d Dept, 9th & 10th Jud Dists 2000]) is not pertinent because, in that case, the court dismissed the criminal proceeding because the People had not filed an information.
Plateau next argues that the informations are legally insufficient on their face. For an information to be legally sufficient on its face, every element of the offense charged and the defendant’s commission thereof must be alleged, and the failure to do so renders any resulting conviction jurisdictionally defective. (CPL 100.40 [1] [c]; 100.15 [3]; People v Hall, 48 NY2d 927 [1979].) For example, in Hall, a defendant’s conviction of harassment was reversed because the information upon which he was tried failed to allege an essential element of that offense, which was that the defendant acted “with intent to harass, annoy or alarm.” (48 NY2d at 928; see also e.g. People v Tarka, 75 NY2d 996 [1990] [disorderly conduct conviction reversed because the information charging defendant failed to allege an essential element of that offense of either intent or recklessness]; People v *777 Caravousanos, 2 Misc 3d 7 [2003] [conviction of Executive Law § 382 reversed and case dismissed because the accusatory instrument upon which defendant was tried did not contain nonhearsay allegations of fact that established, if true, every element of the offense charged].)
Here, the informations charging Plateau with having violated Executive Law § 382 are legally insufficient on their face because all the essential elements of the two ways the statute can be violated are not alleged in the informations.
Concerning docket number 12030071, the information alleges, in pertinent part, that on November 18, 2011 at 11:00 a.m., the assistant building inspector observed four violations of the Uniform Code at the Brandreth Pill Factory:
1. Numerous broken windows allowing weather elements possibly to create additional damage to the building (Property Maintenance Code of NY State § 304.13 [2010] [window, skylight and door frames]);
2. A dilapidated roof allowing weather elements possibly to create additional damage to the building (Property Maintenance Code of NY State § 304.7 [2010] [roofs and drainage]);
3. Weeds in excess of 12 inches in height (Property Maintenance Code of NY State § 302.4 [2010] [weeds]); and
4. Numerous broken windows, hanging glass, and a deteriorated roof causing a dangerous condition to anyone to inhabit the building (Property Maintenance Code of NY State § 107.1.1 [2010] [unsafe structures]).
The information also alleges that the four violations the assistant building inspector observed continued until the date the information was executed, February 29, 2012. Finally, the information charges that Plateau was issued a written order to remedy the four violations, and that it failed to do so by February 29, 2012, citing Executive Law § 382.
Concerning docket number 12040252, the information alleges, in pertinent part, that on April 17, 2012, at 3:00 p.m., the assistant building inspector observed two violations of the Uniform Code at the Brandreth Pill Factory:
1. Temporarily unoccupied buildings shall be safeguarded and maintained in accordance with the Uniform Code (Fire Code of NY State § 311.1 [2010] [vacant premises — general]); and
2. Exterior and interior openings accessible to other tenants and unauthorized persons shall be boarded, locked, blocked or otherwise protected to prevent entry by unauthorized persons *778 (Fire Code of NY State § 311.2.1 [2010] [vacant premises — security]).
The information also alleges that the two violations the assistant building inspector observed continued until the date when the information was executed, April 18, 2012. Finally, the information charges that Plateau was issued a written order to remedy the two violations, and that it failed to do so by April 18, 2012, citing Executive Law § 382.
With regard to the “first way” of violating Executive Law § 382, both accusatory instruments are legally insufficient on their face because they fail to allege the two essential elements of that offense: (1) the informations do not allege that Plateau was served, either personally or by registered or certified mail, with orders to remedy the observed violations of the Uniform Code at the Brandreth Pill Factory,[3] and (2) the informations do not allege that Plateau failed to comply with such orders within the time for compliance fixed by the regulations of the Secretary of State and that time for compliance is not stated in the orders.[4]
With regard to the “second way” of violating Executive Law § 382, both accusatory instruments also are legally insufficient on their face because they fail to allege two of the three essential elements of that offense. Although the accusatory instruments properly allege that Plateau is the owner of the property (the first element), the instruments do not allege (1) that Plateau was “taking part or assisting in the construction of’ *779 the buildings and (2) that Plateau “knowingly violate[d]”[5] the Uniform Code (Executive Law § 382 [2]).
Accordingly, the informations are dismissed.

. The Uniform Code (Executive Law § 377; 19 NYCRR 1219.1 et seq.) includes the Residential Code (19 NYCRR part 1220), the Building Code (part 1221), the Plumbing Code (part 1222), the Mechanical Code (part 1223), the Fuel Gas Code (part 1224), the Fire Code (part 1225), the Property Maintenance Code (part 1226), the Existing Building Code (part 1227), and the Additional Uniform Code Provisions (part 1228).

. Plateau’s counsel is critical of the People for charging Plateau with a misdemeanor, pursuant to Executive Law § 382 (2), for what he characterizes as “de minimis alleged violations” of the Uniform Code. Citing Matter of Ophardt v Vasquez (74 AD3d 1742 [4th Dept 2010]), Plateau’s counsel suggests that “the Village [of Ossining] could have easily sought to file all charges herein as violations under Executive Law § 382 (1).” That suggestion is without merit. Executive Law § 382 (1) is not a penal or criminal statute. It does not prescribe an “offense” “for which a sentence to a term of imprisonment not in excess of fifteen days may be imposed,” which is a “violation.” (Penal Law § 10.00 [1], [3].) In fact, except for Executive Law § 382 (2), which is an unclassified misdemeanor, no state statute or village ordinance prescribes a term of imprisonment and/or a fine for an infraction of any Uniform Code provision. Furthermore, the Ophardt case is not a criminal case. There, a building owner brought a CPLR article 78 proceeding and a declaratory judgment action in the Supreme Court, Monroe County, seeking to annul a determination of the City of Rochester that he had violated six provisions of the Uniform Code.

. With respect to a penal statute, “[a] person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists.” (Penal Law § 15.05 [2].)

. The informations allege only that “[Plateau] was issued a written Order to Remedy.” In People v Russell Place Realty Co., Inc. (36 Misc 3d 132[A], 2012 NY Slip Op 51299[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]), the court concluded that an information charging an offense under Executive Law § 382 (2) was legally sufficient for failing to set forth the method by which the notice of violation was delivered to the defendant. That case is distinguishable, however, because here, the informations both fail to state the method by which the notices of violation were delivered to Plateau and that the notices were, in fact, delivered.

. Inexplicitly, the Secretary of State has not promulgated a regulation stating the time frame within which an order to remedy a Uniform Code violation must be complied with (see Senate Introducer Mem in Support for 2011 NY Senate Bill S7235). Apparently for that reason, that time frame is not set forth in the two informations charging Plateau with Uniform Code violations. One might argue that a prosecution of the first way of violating Executive Law § 382 cannot be brought until the Secretary of State promulgates a regulation stating the time frame within which a defendant must comply with an order to remedy a Uniform Code violation.