OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed.
Defendant, Plateau Associates, LLC, owns a building known as the “Brandreth Pill Factory,” located at 36 Water Street in the Village of Ossining, Westchester County. It is the oldest industrial structure still standing in Ossining, and one of the oldest in Westchester County. The building is listed in the National Register of Historic Places.
The New York State Uniform Fire Prevention and Building Code Act (hereinafter the Uniform Code) (see Executive Law art 18) includes the Fire Code (see 19 NYCRR part 1225) and the Property Maintenance Code (see 19 NYCRR part 1226). On November 18, 2011 and April 17, 2012, the Assistant Building Inspector of the Village of Ossining inspected the building in question. He observed and alleged several violations of the Uniform Code: broken windows, a dilapidated roof, and weeds in the exterior of the property (Nov. 18, 2011 inspection); failure to safeguard and maintain the building, and failure to prevent access to the exterior and interior openings of the building by unauthorized individuals, as the openings were not boarded up, locked, blocked or otherwise protected (Apr. 17, 2012 inspection). Two orders “to Remedy Violation” (hereinafter *4 orders to remedy) were issued to defendant, directing it to “immediately” remedy the conditions. The orders to remedy indicated that re-inspections would take place on or before December 2, 2011 and April 18, 2012, respectively, but they did not contain a date by which compliance was required.
Executive Law § 382 (2), which establishes criminal penalties for violations of the Uniform Code, provides, in pertinent part, that
“[a]ny person, having been served, either personally or by registered or certified mail, with an order to remedy any condition found to exist in, on, or about any building in violation of the uniform fire prevention and building code, who shall fail to comply with such order within the time fixed by the regulations promulgated by the secretary [of state] pursuant to subdivision one of section three hundred eighty-one of this article, such time period to be stated in the order, and any owner, builder, architect, tenant, contractor, subcontractor, construction superintendent or their agents or any other person taking part or assisting in the construction of any building who shall knowingly violate any of the applicable provisions of the uniform code or any lawful order of a local government, a county or the secretary [of state] made thereunder regarding standards for construction, maintenance, or fire protection equipment and systems, shall be punishable by a fine of not more than one thousand dollars per day of violation, or imprisonment not exceeding one year, or both” (emphasis added).
The allegations of the orders to remedy formed the bases of the two informations involved herein, dated February 29, 2012 (docket No. 12030071) and April 18, 2012 (docket No. 12040252), respectively. Both informations, which charged defendant with failing to remedy various violations of the Uniform Code in violation of Executive Law § 382 (2), indicated that the orders to remedy had been “issued” to defendant, but did not allege whether they had been served on defendant, or how they had been served.
Defendant moved to, among other things, dismiss the informations as facially defective, as they did not allege (1) that the orders to remedy had been served on defendant, as required by Executive Law § 382 (2), and (2) that defendant had failed to comply with the orders to remedy within the time fixed by *5 regulations promulgated by the Secretary of State. In opposition, the People argued, among other things, that the orders to remedy had been served on defendant as required, had been properly issued, and, pursuant to Ossining Village Code § 162-35, required compliance within a reasonable time.
The Justice Court determined that the informations were facially insufficient because they did not allege all the essential elements of the portion of Executive Law § 382 (2) regarding compliance with orders to remedy—that defendant had been served, either personally or by registered or certified mail, with the orders to remedy, and had not complied with the orders to remedy within the time fixed by regulations promulgated by the Secretary of State. No time for compliance was stated in the orders to remedy. Nor did the informations allege that defendant was taking part or assisting in the construction of buildings and knowingly violated the Uniform Code. Thus, the Justice Court granted the motion and dismissed the informations (38 Misc 3d 770, 778-779 [2012]).
In a footnote, the Justice Court indicated that the informations failed to allege that the orders to remedy had been “served” on defendant. Instead, they alleged only that the orders to remedy had “issued” to defendant. The court distinguished People v Russell Place Realty Co., Inc. (36 Misc 3d 132[A], 2012 NY Slip Op 51299[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]), in which this court rejected an argument that an information charging a violation of Executive Law § 382 (2) was facially insufficient because it failed “to set forth the method by which the notice of violation was delivered to defendant ... as this is not an element of the offense charged.” By contrast, in this case, the Justice Court observed, the informations failed to allege that the orders to remedy had been served—i.e., that they “were, in fact, delivered to defendant” (38 Misc 3d at 778 n 3).
On appeal, the People contend that the orders to remedy were properly served, required that defendant cure the alleged violations, and set forth a time frame for compliance. They argue that the informations need not set forth the method of service or delivery, as that is not an element of the portion of Executive Law § 382 (2) regarding compliance with an order to remedy. Furthermore, the People argue that while the Justice Court correctly found that the Secretary of State has not promulgated a regulation establishing a time frame for compliance, the informations are not facially defective because they did not contain a *6 nonexistent time frame. Relying, in part, on Executive Law § 381 (2) and Ossining Village Code § 162-35, the People contend that the informations are facially sufficient, as the Village of Ossining adopted a reasonable time standard for compliance with orders to remedy, and the informations allege that defendant failed to comply with the orders. Ossining Village Code § 162-35 provides that an order to remedy a violation of the Uniform Code shall provide a reasonable time for compliance.
Defendant disputes that the orders to remedy were properly served, required it to correct the alleged violations, and contained a time frame for compliance. Defendant claims that the People ask this court to ignore the portion of Executive Law § 382 (2) imposing criminal liability for failing to comply with an order to remedy within the time frame fixed by regulation promulgated by the Secretary of State. Municipalities may not set their own time frames for compliance, and the Village of Ossining did not enact such a time frame. Nor should a “reasonable time” for compliance be read into the statute.
For the reasons set forth below, we affirm.
The factual parts of the informations failed to allege defendant’s lack of compliance with the orders to remedy within the time fixed by regulations promulgated by the Secretary of State, thereby omitting an element of Executive Law § 382 (2). The orders to remedy also do not contain any time period for compliance, as required by Executive Law § 382 (2). Both the Justice Court and the legislature recognized the unenforceability of the portion of Executive Law § 382 (2) regarding such compliance, because it is undisputed that the Secretary of State has not promulgated a regulation designating the time for compliance (cf. Day Wholesale, Inc. v State of New York, 51 AD3d 383 [2008]). Legislation amending and/or replacing Executive Law § 382 (2) has been proposed in the state legislature but has not been passed or enacted (see 2011 NY Senate-Assembly Bill S7235, A10194).
Contrary to the People’s contention, the failure of the Secretary of State to promulgate such a regulation does not provide a local government with the legal authority, in effect, to do so. Executive Law § 381 (1) provides that the Secretary of State “shall promulgate rules and regulations prescribing minimum standards for administration and enforcement of the uniform fire prevention and building code” (emphasis added). Executive Law § 381 (2), which states, in pertinent part, that “[e]xcept as may be provided in regulations of the secretary *7 pursuant to subdivision one of this section, every local government shall administer and enforce the uniform fire prevention and building code,” does not authorize a local government, in effect, to promulgate regulations referred to in Executive Law § 382 (2), setting forth a “reasonable time” for compliance with an order to remedy. The plain language of the statute is precise, unambiguous, and determinative (see Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 565 [1984]). Nor does Executive Law § 382 (2) authorize local governments to charge and/or prosecute violations of the Uniform Code even if an order to remedy provides a “reasonable time” for compliance, as the words “reasonable time” do not appear in Executive Law § 382 (2). A
“court may not, in order to make it more effective, read into [a] statute a provision which the Legislature did not see fit to enact. The court must read statutes as they are written and, if the consequences seem unwise, unreasonable or undesirable, the argument for change is to be addressed to the Legislature, not to the courts” (Mollahan v Village of Port Washington N., 153 AD2d 881, 884 [1989] [citations omitted]).
The Justice Court also correctly determined that the informations were facially insufficient as they did not allege that defendant, the owner of the building in question, was “taking part or assisting in the construction of any building who shall knowingly violate any of the applicable provisions of the uniform code or any lawful order of a local government,” an element of Executive Law § 382 (2) pursuant to which a defendant may be subject to criminal liability on an alternative basis.
In light of our determination, we need not reach the issue of whether the informations were facially insufficient on the additional ground that they did not allege that defendant had been served with the orders to remedy.
Accordingly, the order is affirmed.
Iannacci, J.P., Tolbert and Garguilo, JJ., concur.