The People of the State of New York, Appellant,
against
Doral Arrowwood and Carol Management, Respondents.




Keane & Beane, P.C. (Edward F. Beane of counsel), for appellant.
Agnes Fidelibus, for respondent (no brief filed).

Appeal from an order of the Justice Court of the Town of Rye, Westchester County (Anthony M. Provenzano, J.), dated August 28, 2017. The order, insofar as appealed from, granted the branches of a motion by defendant Doral Arrowwood seeking to dismiss superseding informations No. 0134, 0135 and 01153, and counts 1, 3 and 4 of superseding information No. 0136, insofar as asserted against it, and sua sponte dismissed those charges as against defendant Carol Management.




ORDERED that the order, insofar as appealed from, is modified, on the law, by striking so much thereof as granted the branches of the motion by defendant Doral Arrowwood seeking to dismiss superseding information No. 01153 and count 1 of superseding information No. 0136, insofar as asserted against it, and as sua sponte dismissed those charges as against defendant Carol Management, and by providing that those branches of the motion are denied; as so modified, the order is affirmed.
Insofar as is relevant to this appeal, on February 17, 2017, four superseding informations were filed against defendants charging them with various Village of Rye Brook Code (Code) violations at the premises in question, a hotel. Superseding information No. 0134 alleged that, on October 3, 2016, with respect to alterations made to guest room 101, defendants (1) failed to obtain a building permit in violation of Code § 250-9, (2) failed to obtain a plumbing permit in violation of Code § 180-23, (3) failed to obtain an electrical permit in violation of Code § 113-6, and (4) failed to obtain a certificate of occupancy in violation of Code § 250-10 (A). [*2]Superseding informations No. 0135 and 0136 each charged defendants with the same four offenses for alterations made to guest rooms 103 and 301, respectively, on October 3rd. Superseding information No. 01153 alleged that, on September 9, 2016, defendants failed to obtain a building permit with respect to alterations made to the gift shop area.
By notice of motion returnable in June 2017, defendant Doral Arrowwood moved to, among other things, dismiss, on the ground of facial insufficiency, so much of these four superseding informations as were asserted against it. By order dated August 28, 2017, the Justice Court granted the branches of the motion seeking to dismiss so much of superseding informations No. 0134 and 0135, and counts 1, 3 and 4 of superseding information No. 0136, as was asserted against defendant Doral Arrowwood on the ground that the factual allegations contained therein fail to support the charges, and sua sponte dismissed those charges against defendant Carol Management. The court also granted the branch of the motion seeking to dismiss so much of superseding information No. 01153 as was asserted against defendant Doral Arrowwood on the ground that it was facially insufficient because it does not allege that defendants were served with orders to remedy, with which they did not comply, as required by Executive Law § 382 (2),[FN1]
and sua sponte dismissed that charge as against defendant Carol Management.

Code § 250-9 (A), "Building permit and licenses," states, among other things that, "No building or structure shall be . . . structurally altered . . . until a permit therefor has been issued." Code § 180-23, "Permit Required," states that "Before the construction or alteration of any plumbing or drainage system is commenced, the owner . . . shall obtain a written permit therefor." Code § 113-6, "Permit required; exceptions," states, among other things, that "No electrical work shall be done without a permit." Code § 250-10 (A), "Certificate of occupancy," states, among other things, "It shall be unlawful for an owner to use or permit the use of any building or premise or part thereof hereafter . . . changed . . . wholly or partly, in its use or structure until a certificate of occupancy shall have been issued by the Building Inspector."
Superseding Informations No. 0134 and 0135

Superseding informations No. 0134 and 0135 allege that, with respect to guest rooms 101 and 103, respectively, defendants made alterations thereto without obtaining building (count 1), plumbing (count 2) and electrical (count 3) permits or certificates of occupancy (count 4). The factual allegations of the informations state that a code enforcement officer conducted a walkthrough of the property, at which time he "personally observed that alterations had been done to hotel guestroom #101 [and 103], including but not limited to, alterations to facilitate creation of an ADA [Americans with Disabilities Act] compliant bathroom with an accessible shower. I knew that alterations had been made to hotel guestroom bathroom #101 [and 103] based upon my personal knowledge of what standard bathrooms at the property look like." The officer also states that "before performing any of the aforementioned alterations," defendants [*3]were required to "obtain a building permit . . . a plumbing permit . . . [and] an electrical permit," and that he had "reviewed the Building Department records and a building . . . plumbing . . . [and] electrical permit had not been issued in conjunction with the aforementioned work"; and that the Village Code required defendants "to obtain a certificate of occupancy before permitting the use of hotel guest room #101 [and 103]. I reviewed the . . . Building Department records and a certificate of occupancy had not been issued in conjunction with the aforementioned work."

Since the foregoing factual allegations contained in superseding informations No. 0134 and 0135 fail to state that any plumbing, electrical and structural building alterations had been made to guest rooms 101 and 103 (let alone the specific plumbing, electrical, and structural building alterations allegedly made), counts 1, 2 and 3 of these informations are facially insufficient, as the allegations are not of an evidentiary character that establish, if true, every element of the offenses charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Dumas, 68 NY2d 729, 731 [1986]). With respect to count 4 of these informations, since there are no allegations that defendants used or permitted the use of guest rooms 101 and 103 prior to obtaining any necessary certificates of occupancy, the allegations supporting these counts are, likewise, facially insufficient. We reject the People's argument that the Justice Court should have taken judicial notice of the federal ADA standards for accessible bathroom designs as delineated in 28 CFR part 36. In any event, the superseding informations contain no factual allegations regarding any work done to make the bathrooms ADA compliant.
Superseding Information No. 0136

Insofar as is relevant to the appeal, superseding information No. 0136 alleges that, in regard to guest room 301, defendants made alterations thereto without obtaining building (count 1) and electrical (count 3) permits or a certificate of occupancy (count 4); that even though defendants had been issued a building permit for the construction of an ADA compliant bathroom in guest room 301, and had until August 15, 2015 to complete the work, get it inspected and obtain a certificate of occupancy, based on the personal knowledge of the code enforcement officer and his "review of the . . . . Building Department Records," defendants never "called for an inspection or obtained a certificate of occupancy"; that he "conducted a walkthrough of the property, at which time [he] personally observed that alterations had been made to bathroom [of guest room] #301, including but not limited to, the removal of a tub and installation of a new walk-in shower. Such alterations are different from those specified in Exhibit A"; that defendants were required to "obtain a building permit . . . a plumbing permit . . . [and] an electrical permit . . . in conjunction with the aforementioned work"; that he "reviewed the Building Department records and a building . . . plumbing . . . [and] electrical permit had not been issued in conjunction with the aforementioned work"; and that the Code required defendants "to obtain a certificate of occupancy before permitting the use of hotel guestroom . . . 301. I reviewed the . . . Building Department records and a certificate of occupancy had not been issued in conjunction with the aforementioned work."

The factual allegations that defendants had removed a tub and installed a shower specify what structural building changes were made and were sufficient to establish, if true, every element of the building permit charge, count 1 (see CPL 100.15 [3]; 100.40 [1] [c]; People v Dumas, 68 NY2d at 731). However, since the factual allegations do not adequately state what [*4]electrical alterations were made in regard to the electrical permit charge, count 3, the factual allegations are not of an evidentiary character that establish, if true, every element of the offense charged in that count (see CPL 100.15 [3]; 100.40 [1] [c]; People v Dumas, 68 NY2d at 731). In regard to count 4, since there are no allegations that defendants used or permitted the use of guest room 301 prior to obtaining the necessary certificate of occupancy, the allegations supporting this count are, likewise, facially insufficient.
Superseding Information No. 01153

Superseding information No. 01153 alleges that, with respect to the gift shop area, the code enforcement officer personally observed that alterations had been done to that area, "including but not limited to, erecting a metal framed sheetrock partition wall to create a new office"; that he knew that "alterations had been performed based upon [his] personal knowledge of what the gift shop previously looked like"; that defendants were required to "obtain a Building Permit before performing any of the aforementioned alterations"; and that he had "reviewed the . . . Building Department records and a building permit had not been issued in conjunction with the aforementioned work."

The foregoing factual allegations contained in superseding information No. 01153 are of an evidentiary character that establish, if true, every element of the offense of failing to obtain a building permit (see CPL 100.15 [3]; 100.40 [1] [c]; People v Dumas, 68 NY2d at 731). The Justice Court, however, dismissed superseding information No. 01153, finding that since a violation of Code § 250-10 (A) is a misdemeanor (see Code § 250-12), the information was required, but failed, to state that defendants had been served with an order, mandated by Executive Law § 382 (2), to remedy the offense, and that they had not complied with such an order. 

Executive Law § 382 (2) states that a person who has been served with an order to remedy any condition found to exist in a building in violation of the Uniform Fire Prevention and Building Code, and who fails to comply with the order, as well as any owner who knowingly violates any applicable provision of the Uniform Fire Prevention and Building Code or any lawful order of a local government, shall be punishable by a fine of not more than $1,000 per day of violation, or imprisonment not exceeding one year, or both. However, in superseding information No. 01153, defendants were charged with violating a provision set forth in chapter 250 of the Code, which is a zoning ordinance, and were not charged under the Uniform Fire Prevention and Building Code or chapter 91 of the Village of Rye Brook's "Building Construction and Fire Prevention" Code.[FN2]
Consequently, Executive Law § 382 (2) is inapplicable. Contrary to the determination of the Justice Court, the Uniform Fire Prevention and Building Code (see Executive Law §§ 370-383) does not prohibit a local government from [*5]promulgating ordinances which constitute misdemeanors, and it does not require that orders to remedy must be issued before a misdemeanor can be charged under a local ordinance.[FN3]
It is noted that the Justice Court did not address whether chapter 250 of the Code violates the Uniform Fire Prevention and Building Code by being "more or less restrictive" than the State Code (see Executive Law § 379 [3]), and we decline to review this issue in the interest of justice.

Accordingly, the order, insofar as appealed from, is modified by striking so much thereof as granted the branches of the motion by defendant Doral Arrowwood seeking to dismiss superseding information No. 01153 and count 1 of superseding information No. 0136, insofar as asserted against it, and as sua sponte dismissed those charges as against defendant Carol Management, and by providing that those branches of the motion are denied.

RUDERMAN, J.P., TOLBERT and GARGUILO, JJ., concur.
ENTER:

Paul Kenny

Chief Clerk

Decision Date: May 09, 2019



Footnotes

Footnote 1: The Justice Court also noted that counts 1 and 4 of superseding informations Nos. 0134, 0135 and 0136 were also facially insufficient because they did not comply with Executive Law § 382 (2).

Footnote 2: Defendants were also not charged under chapter 237 of the Village of Rye Brook Code, entitled "Unsafe Buildings," which provides that a notice to remedy shall be provided to the owner of a property which a building inspector has determined is "unsafe and/or unfit for human habitation."

Footnote 3: In addition, the Justice Court's reliance on Matter of Ophardt v Vasquez (74 AD3d 1742 [2010]) is misplaced since the defendant in that case was charged with violating six provisions of the Uniform Fire Prevention and Building Code.