OPINION OF THE COURT
Memorandum.
The order of the County Court should be reversed and the information dismissed.
It is a fundamental and nonwaivable jurisdictional prerequisite that an information state the crime with which the defendant is charged and the particular facts constituting that crime (People v Case, 42 NY2d 98, 99; People v Harper, 37 NY2d 96, 99; People v McGuire, 5 NY2d 523, 525). In order for an information to be sufficient on its face, every element of the offense charged and the defendant’s commission thereof must be alleged (CPL 100.40, subd 1, par [c]; 100.15, subd 3).
Here the information charging harassment recited only that defendant, who it also alleges indicated that his desire was that the complainant leave the defendant’s premises, "did strike, shove and otherwise subject [the complainant] to physi *928 cal contact and threatened * * * physical harm.” It failed to specify an essential element of the crime, which is that the acts be done "with intent to harass, annoy or alarm” (Penal Law, § 240.25). Absent such an allegation, the acts complained of did not constitute criminal conduct and, hence, defendant’s conviction was jurisdictionally defective (see People v Case, supra; People v McGuire, supra).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order reversed, etc.