OPINION OF THE COURT
Memorandum.
Judgment of conviction modified as a matter of discretion in the interest of justice by reducing the jail term imposed to 60 days, said term of imprisonment to be a condition of and run concurrent with a three-year sentence of probation and, as so modified, judgment of conviction affirmed and matter remanded to the court below for imposition of conditions of probation (see Penal Law, § 60.01, subd 2, par [d]).
While defendant contends on appeal that his motion to withdraw his plea should have been granted, his underlying contention is that the facts to which he pleaded guilty do not constitute a violation of the statute in question as a *118 matter of law. It has been held that this issue can be raised on appeal and that a plea does not have to be vacated to permit this issue to be passed upon (see People v Hall, 48 NY2d 927; People v Case, 42 NY2d 98; see, also, People v Iannone, 45 NY2d 589, 600-601). A claim that the accusatory instrument was factually defective would be waived by the plea of guilty (People v Key, 45 NY2d 111) but in the case at bar, defendant is contending that his actions did not constitute a violation of the pertinent provisions of the Education Law.
Section 6512 of the Education Law (then in effect) provided that a person who practiced medicine without a license would be guilty of a misdemeanor. Section 6522 of said law provided that one needed a license to practice medicine and section 6521 of said law defined the practice of medicine as being “diagnosing, treating, operating or prescribing for any human disease, pain, injury, deformity or physical condition.” A complete factual outline is to be found in Judge Glass’ opinion found below at 103 Misc 2d 227, wherein the court denied defendant’s motion to dismiss the accusatory instrument. In brief, the charge herein was that defendant, a cofounder of Syntho Hair Company engaged in the unlawful practice of medicine when he implanted synthetic fibers into the scalps of various clients suffering from baldness. In his plea of guilty, defendant admitted to explaining the suturing process to a Mr. Rini, performing the implantation process on Rini and then using the needle to suture the fibers into Rini’s scalp.
In People v Amber (76 Misc 2d 267) the court found that acupuncture was the practice of medicine, and noted that it involved the insertion of needles into the body. In the case at bar, it is the conclusion of this court that by inserting needles into the scalp of a patient, that defendant was practicing medicine without a license. We find that cases involving electrolysis (People v Lehrman, 251 App Div 451; Engel v Gerstenfeld, 184 App Div 953) are not controlling since there is no involvement of a needle being inserted into the body under anesthesia and the purpose and method of that process involves external cosmetics. While hair implantation is also concerned with cosmetics rather than health, the process used herein is the treatment of a *119 physical condition which involves the violation of the scalp by a foreign object under anesthesia and the concomitant potential or actual complications resulting from such procedure. It is the conclusion of this court that defendant’s actions constituted the practice of medicine and thus violated the relevant provisions of the Education Law.
We are of the further opinion that the sentence was excessive to the extent indicated above. We suggest that some consideration be given to the initial recommendation contained in the presentence report, to wit: restitution, pursuant to section 65.10 (subd 2, par [g]) of the Penal Law.
Buschmann, Hirsch and Kunzeman, JJ., concur.