*467 OPINION OF THE COURT
Carol R. Edmead, J.
In each of these cases, which the court has consolidated for decision, the People have charged the defendants with violating, inter alia, a New York City Department of Parks and Recreation regulation, 56 RCNY 1-03 (c) (1) (Park Rule 1-03 [c] [1]). The defendants move to dismiss the charges on the grounds that, on its face or as applied, the regulation is contrary to the Federal and/or State Constitution, City statutes, and that the informations are facially insufficient pursuant to CPL 170.30 (1) (a).
The threshold matter for this court to consider is the facial sufficiency of the accusatory instruments. This court does not reach the constitutional issues because this court finds each of the informations to be facially insufficient. For the reasons discussed below, the court grants the defendants’ motions to dismiss.
Discussion
An information is sufficient on its face if it contains nonhearsay allegations of an evidentiary nature supporting or tending to support the charges which demonstrate reasonable cause to believe defendant committed the offense charged. (CPL 100.15 [3]; 100.40 [1] [b]; People v Dumas, 68 NY2d 729 [1986].) In order to be sufficient, an information must contain nonhearsay allegations which would “establish, if true, every element of the offense charged and the defendant’s commission thereof.” (CPL 100.40 [1] [c].) A defect in this area is jurisdictional, and requires the dismissal of the accusatory instrument. (People v Alejandro, 70 NY2d 133, 137 [1987]; People v Hall, 48 NY2d 927 [1979].)
Park Rule 1-03 (c) (1), entitled “Failure to Comply with Directions of Police Officers, Urban Park Rangers, Parks Enforcement Patrol Officers, or Other Department Employees, or Park Signs,” provides: “No person shall fail, neglect or refuse to comply with the lawful direction or command of any Police Officer, Urban Park Ranger, Parks Enforcement Patrol Officer or other Department employee, indicated verbally, by gesture or otherwise.”
New York City Charter § 533, governing the powers and duties of the Commissioner of the Department of Parks and Recreation, makes any violation of these regulations a misdemeanor, punishable by up to 90 days in jail and a fine of up to $1,000. (NY City Charter § 533 [a] [9].)
*468 The relevant portion of each of the accusatory instruments reads as follows: “Deponent states that defendants refused to leave, City Hall Park after Lieutenant Mullen, of the Manhattan South Task Force, gave them an order to leave. Deponent further states that at the time of said order more than 20 people were gathered together in City Hall Park without a permit in violation of PR 105 (A) (2).”
, Violation of Park Rule 1-03 (c) (1) results from failure to comply with a “lawful direction or command” from a police officer or park official. Of course, there are circumstances when a police officer can and should instruct a civilian to “get out of here.” However, not every police instruction constitutes a “lawful” order to leave, and the circumstances justifying such an order must be examined. A search by this court of the New York City Department of Parks and Recreation Rules and Regulations reveals no guidance on what constitutes a “lawful direction or command.” However, the Penal Law equivalent of this Park Rule is subdivision (6) of Penal Law § 240.20, the disorderly conduct statute, which provides some guidance. Penal Law § 240.20 (6) provides that:
“A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof * * *
“He congregates with other persons in a public place, and refuses to comply with a lawful order of the police to disperse.”
The disorderly conduct statute was “designed to proscribe only that type of conduct which has a real tendency to provoke public disorder.” (Commn Staff Notes, reprinted in Proposed NY Penal Law [Study Bill, 1964 Senate Int 3918, Assembly 5376] § 250.05, at 388.) The proscribed conduct must be accompanied by the stated culpable mental state of “ ‘intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof.’ ” (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 240.20, at 347.) Cases discussing a “lawful order” under Penal Law § 240.20 (6) have held that, where the accusatory instrument fails to allege the basis for the order, it is facially insufficient.
Thus, it has been held that if the defendant’s refusal to move on was orderly and quiet, or if the police officer’s direction to move was arbitrary and unreasonable under the circumstances, the conviction will not stand. (See, People v Arko, 199 NYS 402, 405 [App Term, 2d Dept 1922].) In People v Arko, the defendants were convicted of disorderly conduct for, inter alia, refusing to disperse when ordered by a police officer, while engaged *469 in picketing on a public sidewalk. The court reversed the conviction, holding that, at times, refusal to comply with the direction of a police officer does not constitute disorderly conduct. The court reasoned, “Mere disobedience of an officer is not always an offense punishable by law; any more than his command is not always the law * * * The case must present proof of some definite and unmistakable misbehavior, which might stir, if allowed to go unchecked, the public to anger or invite dispute, or bring about a condition of unrest and create a disturbance.” (Id., at 405.)
In light of the broad parameters and potential unfettered discretion surrounding the use and application of Park Rule 1-03 (c) (1), it is incumbent upon the People to provide explicit factual allegations detailing the underlying conduct that justified the police officer’s order. The instant accusatory instruments fail to allege the violation of any Park Rule that would justify an order to disperse,* or any other conduct that would justify the issuance of such an order. Thus, the informations fail to allege that the defendants failed to comply with a “lawful order.”
Because the accusatory instruments do not provide reasonable cause to believe that the defendants failed to comply with a “lawful order,” they are facially insufficient as to the violation of Park Rule 1-03 (c) (1), failure to comply with directions of police officers or New York City Department of Parks and Recreation employees.
Accordingly, the defendants’ motions to dismiss are granted.
[Portions of opinion omitted for purposes of publication.]

 As noted above, the informations allege that “more than 20 people were gathered together in City Hall Park without a permit in violation of PR 105 (A) (2).” Although the defendants were charged with violations of Park Rule 1-05 (a) (2), the charges were dismissed as facially insufficient. This court reasoned that the informations “do[] not allege that any of the defendants held a public meeting, performed a ceremony or made a speech. Nor do the [accusatory instruments] allege that the defendants were a part of a group or assemblage of more than 20 persons.” (People v Benjamin, Crim Ct, NY County, March 8, 2000, Edmead, J., slip opn, at 5, 185 Misc 2d 466 [edited for publication].)