OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed.
Defendant pleaded guilty to attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]) under a count of the information charging that offense. The factual portion of the information alleges, in relevant part, that defendant “push[ed]” the complainant “to the ground” and “t[ook her] car keys.” Defendant argues that these factual allegations do not meet the facial sufficiency requirements for an information of “provid[ing] reasonable cause to believe that the defendant committed the offense charged” (CPL 100.40 [1] [b]) and “establish[ing], if true, every element of the offense charged” (CPL 100.40 [1] [c]). More specifically, he asserts that the factual allegations do not “provide reasonable cause to believe,” or “establish, if true,” that he harbored the statutory intent to “cause physical injury” (Penal Law § 120.00 [1]). The facial sufficiency requirements to which defendant refers are jurisdictional (see People v *7 Alejandro, 70 NY2d 133 [1987]). Thus, defendant did not forfeit his claim by pleading guilty (see People v Konieczny, 2 NY3d 569, 573 [2004]; see also People v Lucas, 11 NY3d 218, 220 [2008]), and the claim must be reviewed despite defendant’s failure to raise it in the Criminal Court (see People v Kalin, 12 NY3d 225, 229 [2009]; People v Alejandro, 70 NY2d 133 [1987]).
The Court of Appeals stated in People v Kalin (12 NY3d at 230): “A prima facie case requirement is not the same as the burden of proof beyond a reasonable doubt required at trial, nor does it rise to the level of legally sufficient evidence that is necessary to survive a motion to dismiss based on the proof presented at trial” (internal quotation marks and citations omitted).
In People v Bello (92 NY2d 523 [1998]), the Court of Appeals, addressing the issue of the legal sufficiency of evidence before the grand jury, stated the following regarding the nature of a prima facie case:
“To dismiss an indictment on the basis of insufficient evidence before a Grand Jury, a reviewing court must consider whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury. Legally sufficient evidence is defined in CPL 70.10 (1) as ‘competent evidence which, if accepted as true, would establish every element of an offense charged.’ In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt. The reviewing court’s inquiry is limited to whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes, and whether the Grand Jury could rationally have drawn the guilty inference. That other, innocent inferences could possibly be drawn from those facts is irrelevant to the sufficiency inquiry as long as the Grand Jury could rationally have drawn the guilty inference” (id. at 525-526 [internal quotation marks and citations omitted]).
It is true that cases “deal[ing] with the sufficiency of indictments . . . are . . . inapposite” to the question of the facial sufficiency of an information (Alejandro at 140). Nevertheless, there is a parallel between the function of a grand jury and that of the CPL 100.40 (1) (c) prima facie requirement that makes it *8 appropriate to apply the same definition of “prima facie” in both contexts (see Alejandro at 137-138; see also People v Jones, 9 NY3d 259, 262 [2007]).
Applying the Bello standard here, we find the factual allegations of the information sufficient. The inference can “rationally [be] drawn” {Bello at 526) from the alleged facts that defendant pushed the victim to the ground with the intent of inflicting a “physical injury” (Penal Law § 120.00 [1]) — if not an “impairment of physical condition” (Penal Law § 10.00 [9]), at least pain “substantial” (Penal Law § 10.00 [9]) enough to deter her from putting up any resistance when he took her keys (see People v Chiddick, 8 NY3d 445, 447-448 [2007] [emphasizing the relevance of motive to a determination of whether a defendant harbored the requisite criminal intent]; People v Meachem, 11 Misc 3d 126[A], 2005 NY Slip Op 52269[U] App Term, 2d & 11th Jud Dists [2005] [same]). Since this inference of an “intent to cause physical injury” (Penal Law § 120.00 [1]) can “rationally [be] drawn” (Bello at 526), “[t]hat other, innocent inferences could possibly be drawn ... is irrelevant” (id.) for “pleading purposes” (People v Inserra, 4 NY3d 30, 33 [2004]). We reject defendant’s claim that the factual allegations are facially insufficient because they suggest that defendant’s intent was not to cause physical injury but, rather, to obtain the car keys. Again, it can rationally be inferred that defendant intended to cause physical injury as a means of achieving his ultimate goal of obtaining the keys (see People v Corona, 25 Misc 3d 129[A], 2009 NY Slip Op 52107[U] [App Term, 2d, 11th & 13th Jud Dists 2009]). The factual allegations do not even remotely suggest that defendant wanted only physically to displace the complainant (cf. People v Hall, 48 NY2d 927 [1979]).
Finally, People v Hall (48 NY2d 927 [1979]) does not, in our view, mandate a different result. We do not read Hall to mean that a complainant must routinely be required to swear to the intent of the defendant (see generally People v Trendell, 61 NY2d 728, 730 [1984] [“(a)ppellant contends the information should be dismissed because of its failure to specify larcenous intent; since the omission did not constitute a jurisdictional defect, there is no basis to dismiss the information”]), particularly since a complainant often cannot know the intent of the defendant with certainty (see People v Leiner, NYLJ, Oct. 15, 1997, at 34, col 5 [App Term, 2d & 11th Jud Dists], Iv denied 91 NY2d 894 [1998]). In Hall, the nature of the dynamic between the defendant and the complainant during the course of the incident *9 that gave rise to the charge was somewhat murky, and the complainant’s personal belief as to whether the defendant had the “intent to harass, annoy or alarm” (Penal Law § 240.26) would have been illuminating. Here, by contrast, an allegation by the complainant as to defendant’s intent would essentially have been a gratuitous opinion on her part, and would have added little to the allegations provided. We note that the accusatory portion of the information here explicitly alleged that defendant acted with “intent to cause physical injury” (see People v Leiner, NYLJ, Oct. 15, 1997, at 34, col 5, Iv denied 91 NY2d 894 [1998]).
Accordingly, the judgment of conviction is affirmed.
Rios, J.P, Pesce and Steinhardt, JJ., concur.