OPINION OF THE COURT
David Frey, J.
The defendant was originally charged with one count each of assault in the third degree (Penal Law § 120.00 [1]) (intent to cause physical injury), endangering the welfare of a child (Penal Law § 260.10 [1]), and harassment in the second degree (Penal Law § 240.26 [1]). On April 6, 2017, another judge of this court dismissed the charges for facial insufficiency on two grounds: (1) the complaint contained hearsay, and (2) “the information failed to establish that [defendant] acted with intent to cause physical injury.” On May 3, 2017, on the People’s motion to renew and reargue, the People were granted leave by that judge to file a superseding information on or before May 19, 2017. On May 10, 2017, the People filed and served a certificate of trial readiness and a superseding information (SSI) signed by the victim with expanded factual allegations, charging defendant with one count each of assault in the third degree (Penal Law § 120.00 [1]) (intent to cause physical injury), assault in the third degree (Penal Law § 120.00 [2]) (recklessly causing physical injury), endangering the welfare of a child (Penal Law § 260.10 [1]), and harassment in the second degree (Penal Law § 240.26 [1]). On July 7, 2017, the defendant moved to dismiss the SSI for facial insufficiency. The case was adjourned for trial to September 13, 2017, and decision on defendant’s motion to dismiss was reserved.
For the reasons stated below, defendant’s motion is denied.
Background
The complaining witness, a nine-year-old child,[1] in his sworn misdemeanor information stated,
“I am nine (9) years old and my date of birth is [REDACTED], 2007 .... During the 2015-2016 school year, I was a third grade student at PSMS 165 . . . and . . . the defendant was a lunch and recess monitor at my school. On April 19, 2016, when all the third grade classes were going to recess, I was talking to my friends and the defendant told everyone to stop talking. At first, I stopped *692 talking but then I told my friends one last thing and the defendant saw me talking. When the defendant saw me talking, he approached me, grabbed me on the upper part of my right arm such that his whole hand was wrapped around the top of my arm and he squeezed my arm with his fingers very tightly. When he did this, I felt pain. While his hand was wrapped around my arm and squeezing my arm, he stated in substance YOU’RE GOING TO THE BACK OF THE LINE. He then kept his hand wrapped around my upper arm tightly and squeezing and forced me to go from the middle of the line where I was standing to the back of the line. While he was holding me in this way and forcing me to the back of the line, my arm hurt a lot causing my eyes to tear up. Because of what the defendant did to me, I had three (3) round bruises on my right upper arm, and my arm was sensitive to touch and in pain for approximately four to five days.”
The defendant claims that the People have fallen short in proving intent for the intentional assault and harassment charges (Penal Law §§ 120.00 [1]; 240.26 [1]), because the defendant only “grabbed” the complaining witness. The defendant argues that grabbing can either be done with innocent or not-so-innocent intent, and that the court must look at the surrounding circumstances to infer an intent to cause a physical injury (defense counsel’s affirmation, dated July 7, 2017 at 6-7, |¶ 8-14). Likewise, the defendant states the reckless assault (Penal Law § 120.00 [2]) charge should be dismissed because the People have failed to make out those elements as well, mainly because the defendant could not be said to have consciously disregarded the risk of injuring the complaining witness, and because his conduct was not a gross deviation from the standard of conduct expected of him. The defendant also claims that the People have failed to prove the complaining witness’s age for the reckless endangerment charge, because they only have the complaining witness’s word, and not his parents’ or a birth certificate.
The People argue that most of defense counsel’s arguments are trial issues and should not be determined on a motion to dismiss for facial insufficiency, and that the superseding information was facially sufficient.
*693 Facial Sufficiency
Criminal Procedure Law § 100.40 (1) states that an information is sufficient on its face when it substantially conforms with CPL 100.15; the allegations provide reasonable cause[2] to believe that the defendant committed the offense charged; and the nonhearsay allegations in conjunction with any supporting deposition establish, if true, every element of the offenses charged and the defendant’s commission thereof. “So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]).
A. Reckless Assault in the Third Degree (Penal Law § 120.00 [2])
This count requires the People to allege that the defendant recklessly caused physical injury to another person. The injuries alleged are sufficient to sustain the “physical injury” element (People v Henderson, 92 NY2d 677 [1999]). A defendant acts “recklessly” when they (1) engage in conduct that creates or contributes to a substantial and unjustifiable risk that physical injury to another person will occur and (2) are aware of and consciously disregard that risk, and (3) when that risk is of such nature and degree that disregard of it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation (Penal Law § 15.05 [3]).
New York courts are required to take judicial notice of New York State and City rules and regulations. (CPL 60.10; CPLR 4511 [a]; Administrative Code of City of NY § 1-104 [a]; see e.g. Sansivero v Garz, 20 AD2d 723 [2d Dept 1964] [court required to judicially notice traffic regulations]; People v Patterson, 169 Misc 2d 787 [Sup Ct, Kings County 1996] [it is mandatory for courts to take judicial notice of New York City rules and regulations for officers and agencies].) It is undisputed that the defendant worked for the New York City Department of Education (DOE) as a lunch and recess monitor, and that his job “required supervision of a number of students” (defense affirmation at 11, ¶ 24). He was therefore subject to DOE’s rules *694 and regulations. DOE’s Regulation of the Chancellor No. A-420[3] prohibits the use of corporal punishment against students:
“I. Policy
“A. It is the policy of the [DOE] to prohibit corporal punishment of students by DOE staff members, custodial employee [s], vendors, consultants, CBO staff and others on school property, school trips and other school functions, and off-school property when such off-school behavior disrupts or would foresee-ably disrupt the educational process or endangers or would foreseeably endanger the health, safety, morals or welfare of the school community.
“B. Disruptive behavior by a student must never be punished by the use of corporal punishment. . . .
“II. Definitions
“Corporal punishment is defined as any act of physical force upon a pupil for the purpose of punishing that pupil [but does not include self-defense].”
Thus, the defendant is not just a person who might have grabbed someone to steady them, or otherwise cloaked with the presumption of some other innocent explanation, as he claims in his moving papers. Instead, he is someone who was under a strict duty not to use “any act of physical force upon a pupil” to punish a student. The defendant had an affirmative duty not to use physical force. Nonetheless, it is alleged that he grabbed an eight year old, and squeezed his arm hard enough to cause the child to cry, obtain bruises, and have sensitivity in the arm for multiple days, which was in derogation of that duty. And, it is alleged that defendant did this in the context of punishment: he dragged the child to the end of a line for having spoken to a friend. Defendant cuffing an eight year old’s arm with enough pressure to cause the child to bruise and suffer sensitivity to the arm for days meets the first and second elements of “reckless.”
The Chancellor’s Regulations forbid corporal punishment (Reg A-420) or verbal abuse (Reg A-421), and have very specific guidelines on how to discipline students in grades K-12 (Reg A-443). These regulations, which apply to all school personnel, including lunch monitors, require the employee to take into account the child’s age, the behavior at issue, and whether the student has any disabilities (and, if so, requires reference to *695 the child’s Individualized Education Program). At best, a third grader talking to a friend in a lunch line would be a “Kindergarten-Grade 5 Level 1 Infraction (Uncooperative/ Noncompliant Behavior)” (Citywide Behavioral Expectations to Support Student Learning at 25 [eff Apr. 2017]). The most severe disciplinary action allowed in such a case (to be used in tandem with “Supports and Intervention” activities like parent outreach or counseling) is exclusion from the lunchroom that day, a parent conference, or a formal meeting with the principal. Again, physical force is expressly forbidden by the Chancellor’s Regulations, except in self-defense, and even then, DOE’s Office of Special Investigations must be contacted to investigate the physical force used. Thus, the People have alleged sufficient facts to satisfy the gross deviation from the standard of care a reasonable person in defendant’s position would observe. The defendant’s motion to dismiss count 2 is denied.
B. Endangering the Welfare of a Child (Penal Law § 260.10 [1])
This count requires the People to allege that the defendant knowingly acted in a manner likely to be injurious to the physical, mental, or moral welfare of a child less than 17 years old (Penal Law § 260.10 [1]). A person acts “knowingly” when the person is aware that he is acting in such a manner (Penal Law § 15.05 [2]), and actual harm to the child need not have occurred (People v. Johnson, 95 NY2d 368 [2000]). It is alleged that defendant grabbed the child while stating that the child was being put to the back of the line, thus satisfying the “knowingly” element for this charge. The People must also allege that the defendant acted in a manner likely to be injurious to the child’s physical, mental, or moral welfare. Again, this defendant’s duty to comply with the Chancellor’s Regulations, in conjunction with the People’s allegation that the child cried and the injuries sustained, is sufficient to sustain this element.
The crux of defendant’s argument for this charge is that the People did not meet their burden to prove the complainant’s age, because it was the complainant who said he was nine years old (eight years old at the time of the incident), and it was not proved by testimony from his parents or a teacher, his school records, or from his appearance. In sum, the defendant is claiming that the complainant only knows how old he is from other people telling him, and thus it is hearsay. A child’s age may certainly be proved in many ways, including by a birth certificate (CPLR 4518, 4540) or the child’s parent’s *696 testimony (People v Mercado, 184 Misc 2d 40 [Crim Ct, Bronx County 2000] [a parent can testify about child’s age]). But, it is settled law that a person may testify to their own age, “even though based essentially on hearsay evidence, upon the theory that it is common knowledge in the family.” (People v Mishlanie, 24 Misc 2d 277, 278 [Oneida County Ct 1960], citing Matter of McGerry, 75 Misc 98, 102 [Sur Ct, NY County 1911], and Koester v Rochester Candy Works, 194 NY 92 [1909], citing 1 Wigmore, Evidence § 667; see also People v Mercado [cited as authoritative by defense counsel].)
The factual allegations for this charge are thus sufficient to withstand defendant’s facial insufficiency claim, and the defendant’s motion to dismiss count 3 is denied.
C. Intentional Assault in the Third Degree (Penal Law § 120.00 m
This count requires the People to allege that the defendant intentionally caused physical injury to another person. The injuries alleged are sufficient to sustain the “physical injury” element (People v Henderson, 92 NY2d 677 [1999]). A defendant acts “intentionally” for an assault when their conscious objective or purpose is to cause physical injury to another (Penal Law § 15.05 [1]). As noted in section A, above, the defendant disregarded his duty not to use physical force on a child, and used physical force for a sufficient time period to force the child to the back of a lunch line; caused the child to tear up; and created bruising and arm sensitivity that lasted for days. Defense counsel alleges in her moving papers that the defendant might have an innocent explanation for the “grabbing” when he violated his duties. It is possible that the People may not be able to prove to a jury that the defendant originally meant to injure the child, or at some point while dragging the child he become consciously aware that he was injuring the child. A jury might decide that the defendant’s action was merely reckless and not intentional, or that defendant was not even reckless when he caused the injuries. But, these are all issues of fact more suitable for a jury or trier of fact. Here, the SSI was sufficiently pleaded to raise these facts, and thus provides the defendant sufficient notice to prepare an adequate defense and avoid any double jeopardy issues (Casey).
For these reasons, the defendant’s motion to dismiss count 1 is denied.
D. Harassment in the Second Degree (Penal Law § 240.26)
This count requires the People to allege that the defendant, with intent to harass, annoy, or alarm another person, *697 subjected that person to physical contact, or attempted or threatened to do the same (Penal Law § 240.26). Here, the physical contact element is met. But, the People’s factual recitation of the events failed to state that the defendant grabbed the complaining witness with the intent to harass, annoy, or alarm the child. The People claim that this intent, although not pleaded, can be inferred from the defendant’s actions. The defendant claims that this failure to recite the statutory intent language renders the information facially insufficient for this count (citing People v Hall, 48 NY2d 927 [1979]; People v Concannon, 28 NY2d 854 [1971]). Post-Casey, however, courts have found that when harassment in the second degree is pleaded in conjunction with an intentional assault, the “intent to harass, annoy or alarm” element may be inferred (see e.g. People v Dreyden, 28 Misc 3d 5 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; People v Coleman, 36 Misc 3d 1242[A], 2012 NY Slip Op 51796[U] [Crim Ct, NY County 2012]; People v Khan, 15 Misc 3d 1131[A], 2007 NY Slip Op 50947[U] [Crim Ct, NY County 2007]). And, the defendant has sufficient notice to prepare an adequate defense and avoid any double jeopardy issues for this charge (Casey).
For these reasons, the defendant’s motion to dismiss count 4 is denied.
Conclusion
The defendant’s motion to dismiss the charges for facial insufficiency is denied.

. The complaining witness was eight years old at the time of the alleged incident, but nine years old when he signed the superseding information.

. “Reasonable cause” is defined by CPL 70.10 (2).

. The Chancellor’s Regulations are available online at http://schools. nyc.gov/RulesPolicies/ChancellorsRegulations/default.htm.