The People of the State of New York, Respondent,
against
Joshua Parker, Appellant.




Appellate Advocates (Caitlin Halpern of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Raymond Rodriguez, J.), rendered January 15, 2016. The judgment convicted defendant, after a nonjury trial, of attempted assault in the third degree and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
The People charged defendant with several offenses arising from his altercation with two police officers. After certain of the charges had been dismissed, and following a nonjury trial, defendant was convicted of attempted assault in the third degree (Penal Law §§ 110.10, 120.00 [1]).
Defendant's challenge to the legal sufficiency of the evidence is not preserved for appellate review as he made no motion, after presenting a case of his own, to dismiss on that ground (see People v Kolupa, 13 NY3d 786, 787 [2009]; People v Hines, 97 NY2d 56, 61-62 [2001]; People v Leibovitz, 59 Misc 3d 138[A], 2018 NY Slip Op 50577[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). In any event, we find that the trial evidence was legally sufficient to establish defendant's guilt of attempted assault in the third degree beyond a reasonable doubt. 
Evidence is legally sufficient where " 'any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of [*2]the evidence at trial, viewed in the light most favorable to the People' " (People v Dubarry, 25 NY3d 161, 178 [2015], quoting People v Hines, 97 NY2d at 62; see CPL 70.10). Indulging in " 'all reasonable evidentiary inferences' " in the People's favor (People v Gordon, 23 NY3d 643, 649 [2014], quoting People v Delamota, 18 NY3d 107, 113 [2011]), we find that the evidence established that two members of a police anti-crime patrol unit, having observed a vehicle parked illegally, late at night, in front of a food store located in a high crime area, made an investigatory approach in a manner designed to ensure their personal safety. The investigation had proceeded no further than a flashlight scan of the vehicle's interior, a determination that the vehicle was occupied by three persons, and a request for the driver's documentation, when defendant approached one of the officers from behind. Defendant refused the officer's request that he stand away while the officers completed their inquiry, and attempted to enter the vehicle, which conduct the officers construed as an interference with the investigation and a threat to their safety. One of the officers placed his arm between defendant and the vehicle and again asked defendant to step away, whereupon defendant became verbally abusive and again refused to comply with that instruction. The police officers testified that they were obligated, by reasonable safety considerations and standard official guidelines for conducting such investigations, to enforce their orders that defendant maintain a distance from the investigation. When the second officer, observing defendant's verbal belligerence and his refusal to follow orders, came to the first officer's assistance, defendant attempted to strike that officer with a closed fist. The first officer intervened to deflect most of the blow's force but was unable to prevent defendant from throwing the second officer to the ground. The second officer suffered sprains to the wrist and ankle, injuries which required hospital treatment, pain medication, and an absence from work. The contents of a cell phone video of the final 20 seconds of the encounter, submitted by the defense, did not contradict the officers' testimony in a material fashion, aside from the officers' failure to testify as to the extent of the roles played by other officers who subsequently arrived at the scene and assisted to effectuate the arrest.
The actual infliction of physical injury or substantial pain (see Penal Law § 120.00 [1]) is not an element of attempted assault in the third degree (see e.g. People v Whatts, 116 AD3d 456, 462 [2014]), and the conclusion that the evidence did not establish that the officer had suffered physical injury or substantial pain would "not preclude a finding that [defendant] attempted to inflict such injury" (Matter of Marcel F., 233 AD2d 442, 443 [1996]); rather, it must be proved that defendant "harbored the statutory intent to cause physical injury" (People v Dreyden, 28 Misc 3d 5, 6 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010] [internal quotation marks and citation omitted]). An attempt is established when, "with intent to commit a crime, [an individual] engages in conduct which tends to effect the commission of such crime" (Penal Law § 110.00). Intent may be established on the basis of a logical implication from the conduct itself or from the surrounding circumstances (see People v Bracey, 41 NY2d 296, 301 [1977]), "including the nature of the physical encounter" (People v Williams, 42 Misc 3d 149[A], 2014 NY Slip Op 50400[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014], citing People v Rodriguez, 17 NY3d 486, 489 [2011]). Defendant's intent to assault the officer was established when defendant punched the officer with a closed fist, employed sufficient force to throw the officer to the ground, used profane and abusive language, and acted in a belligerent and hostile manner towards the officers (see People v Lamont, 25 NY3d 315, 319 [2015] [intent may be [*3]established by "circumstantial evidence based on defendant's appearance and conduct, and the surrounding events"]; People v Bueno, 18 NY3d 160, 169 [2011] [" '(c)ompeting inferences to be drawn (regarding the defendant's intent), if not unreasonable, are within the exclusive domain of the finders of fact, not to be disturbed by (an appellate court)' "], quoting People v Barnes, 50 NY2d 375, 381 [1980]). Whether the conduct " 'ripen[ed] into punishable conduct depends greatly on the facts of the particular case' " (People v Joseph, 58 Misc 3d 61, 67 [App Term, 2d Dept, 9th & 10th Jud Dists 2017], quoting People v Mahboubian, 74 NY2d 174, 190 [1989]). Here, defendant's conduct was " 'dangerously near [to the] commission of the completed crime' " (People v Denson, 26 NY3d 179, 189 [2015], quoting People v Naradzay, 11 NY3d 460, 466 [2008]; see e.g. People v Jenkins, 53 Misc 3d 151[A], 2016 NY Slip Op 51692[U], *1 [App Term, 1st Dept 2016] ["Defendant's intent to cause physical injury could be readily inferred from (among another things) his act of throwing a punch in the direction of the police officer's face"]).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.05 [2]; People v Danielson, 9 NY3d 342, 348-349 [2007]), and assuming that an acquittal would not have been unreasonable (see People v Romero, 7 NY3d 633, 643 [2006]), we must "weigh the relative probative forces of conflicting testimony and the relative strength of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony (see People v Romero, 7 NY3d [at 643]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987])" (People v Asvazadourain, 59 Misc 3d 137[A], 2018 NY Slip Op 50567[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). In so doing, we nevertheless accord great deference to the opportunity of the factfinder to view the witnesses, hear their testimony, and observe their demeanor (see People v Mateo, 2 NY3d at 410; People v Bleakley, 69 NY2d at 495). A conviction will be affirmed if it appears that the trier of fact has given the evidence the weight it should be accorded (see CPL 470.15 [5]; People v Danielson, 9 NY3d at 348; People v Schmucker, 57 Misc 3d 156[A], 2017 NY Slip Op 51629[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). "[I]n conducting its weight of the evidence review, a court must consider the elements of the crime" (People v Danielson, 9 NY3d at 349), and the testimony, which the trial court properly credited. Upon a review of the record, we are of the opinion that the guilty verdict was not against the weight of the evidence.
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, J.P., PESCE and WESTON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 22, 2018