People v Williams (2024 NY Slip Op 24059)

[*1]

People v Williams (Locksley)

2024 NY Slip Op 24059

Decided on February 9, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on February 9, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2022-262 K CR

The People of the State of New York, Respondent,
against
Locksley Williams, Appellant. 

Appellate Advocates (Yaniv Kot of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Ann Bordley and Melissa Wachs of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Christopher J. Robles, J.), rendered April 1, 2022. The judgment convicted defendant, upon his plea of guilty, of unlicensed operation of a motor vehicle, and imposed sentence. The appeal from the judgment brings up for review so much of an order of that court (Maria Aragona, J.) dated January 15, 2022 as denied the branch of defendant's motion seeking to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the judgment of conviction is affirmed.
Defendant was arraigned on an information charging him with aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [iv]), aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]), unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]), and failure to obey a traffic control signal (Vehicle and Traffic Law § 1111 [d] [1]). Thereafter, the People timely filed a certificate of compliance (CoC) (see CPL 245.50 [1]) that included a statement of readiness (SoR) which certified, pursuant to CPL 30.30 (5-a), the facial sufficiency of the accusatory instrument.
Defendant subsequently moved for, in effect, an order dismissing the count of the information charging him with failure to obey a traffic control signal as facially insufficient and dismissing the entire accusatory instrument based upon an alleged violation of his statutory right [*2]to a speedy trial. The Criminal Court granted the branch of defendant's motion seeking to dismiss the count of the information charging him with failure to obey a traffic control signal, but denied the remaining branch of the motion. Thereafter, defendant pleaded guilty to unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]) in satisfaction of the information.
On appeal, defendant's sole contention is that, once the count of failure to obey a traffic control signal was dismissed as facially insufficient, the People's prior CPL 30.30 (5-a) certification in their SoR was incorrect, rendering the SoR invalid as to the entire multi-count accusatory instrument. Consequently, the People's speedy trial time was exhausted, requiring dismissal of the information.
Criminal Procedure Law section 30.30 (5-a), effective January 1, 2020, provides that, in order for an SoR to be valid, the People must "certif[y] that all counts charged in [a local criminal court] accusatory instrument meet the requirements of [CPL] 100.15 and 100.40 . . . and those counts not meeting the requirements of sections 100.15 and 100.40 of this chapter have been dismissed." The legislature, in enacting the new disclosure requirements of Criminal Procedure Law article 245, also effective January 1, 2020, provided for sanctions in the event of non-compliance (see CPL 245.80). However, in amending CPL 30.30, the legislature did not provide for sanctions or any consequence in the event the People's CPL 30.30 (5-a) certification was inaccurate. The plain language of CPL 30.30 (5-a) requires no more than that, in order for an SoR to be "valid," the People "certif[y]" that the counts charged in a local criminal court accusatory instrument are facially sufficient (CPL 30.30 [5-a]). As the People here filed the required certification, they satisfied the legislature's requirement as set forth in CPL 30.30 (5-a) and, thus, their SoR was "valid." Consequently, defendant's sole ground to hold that the People's statutory speedy trial time had expired lacks merit and, thus, the judgment of conviction must be affirmed.
As an alternative basis for affirming the judgment of conviction, even if we were to read into CPL 30.30 that an inaccurate CPL 30.30 (5-a) certification as to any count in the accusatory instrument could render it and the SoR illusory and, thus, invalid as to any remaining facially sufficient counts to which the CPL 30.30 (5-a) certification refers, we would only do so where there is a "basis upon which to believe that the People acted in bad faith" in making their CPL 30.30 (5-a) certification (People v Councel, 77 Misc 3d 1132, 1136 [Crim Ct, Kings County 2022]; see Senate Introducer's Mem in Support of 2019 NY Senate Bill S1738; People v Arroyo, 78 Misc 3d 1239[A], 2023 NY Slip Op 50482[U] [Crim Ct, Kings County 2023]; People v Carter, 76 Misc 3d 1206[A], 2022 NY Slip Op 50837[U] [Crim Ct, Kings County 2022]). Here, there is no such basis. Consequently, the People did not exceed their statutory speedy trial time pursuant to CPL 30.30.
Accordingly, the judgment of conviction is affirmed.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 9, 2024