People v Robinson (2024 NY Slip Op 50798(U))

[*1]

People v Robinson (Najee)

2024 NY Slip Op 50798(U)

Decided on June 7, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 7, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2022-958 K CR

The People of the State of New York, Respondent,
against
Najee Robinson, Appellant. 

O'Melveny & Myers LLP (Jonathan Rosenberg, Laura Aronsson and Craig McAllister of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Julian Joiris of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Quynda L. Santacroce, J.), rendered September 29, 2022. The judgment convicted defendant, upon a plea of guilty, of disorderly conduct, and imposed sentence. The appeal from the judgment brings up for review so much of an order of that court (Jean T. Walsh, J.) dated September 29, 2022 as denied the branch of defendant's motion seeking to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the judgment of conviction is affirmed.
Defendant was arraigned on a misdemeanor complaint charging him with criminal contempt in the second degree (Penal Law § 215.50 [3]), aggravated harassment in the second degree (Penal Law § 240.30 [2]), and harassment in the second degree (Penal Law § 240.26 [1]). Thereafter, the People timely filed a certificate of compliance (COC) (see CPL 245.50 [1]) that included a statement of readiness (SOR) which certified, pursuant to CPL 30.30 (5-a), the facial sufficiency of the accusatory instrument.
Defendant subsequently moved for, in effect, an order dismissing the count of the misdemeanor complaint charging him with harassment in the second degree as facially insufficient and, upon such dismissal, the dismissal of the entire accusatory instrument based upon a violation of his statutory right to a speedy trial due to the inaccuracy of the People's CPL 30.30 (5-a) certification. The People opposed the motion, but conceded that the harassment charge was facially insufficient. The Criminal Court granted the branch of defendant's motion seeking to dismiss the count of the accusatory instrument charging him with harassment in the second degree, a violation, but denied the remaining branch of the motion. Thereafter, defendant pleaded guilty to disorderly conduct (Penal Law § 240.20 [1]) in satisfaction of the accusatory instrument.
On appeal, defendant's sole contention is that, once the count of harassment in the second degree was dismissed as facially insufficient, the People's prior CPL 30.30 (5-a) certification in [*2]their SOR was incorrect, rendering the SOR invalid as to the entire multi-count accusatory instrument. Consequently, the People's speedy trial time was exhausted, requiring dismissal of the misdemeanor complaint.
As we said in People v Williams (Misc 3d, 2024 NY Slip Op 24059, *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]), the Criminal Procedure Law does not "provide for sanctions or any consequence in the event the People's CPL 30.30 (5-a) certification was inaccurate." Rather, if the People "filed the required certification, they satisfied the legislature's requirement as set forth in CPL 30.30 (5-a) and, thus, their SOR was 'valid' " (id. at *2). Consequently, the branch of defendant's motion seeking, in effect, to dismiss the entire accusatory instrument based upon an alleged violation of his statutory speedy trial rights due to an invalid SOR was properly denied. However, we note that the better practice would be for the People to explain their CPL 30.30 (5-a) certification so as to ensure that such certification was accurate and made in good faith.
Accordingly, the judgment of conviction is affirmed.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 7, 2024