People v Salazar (2024 NY Slip Op 50875(U))

[*1]

People v Salazar

2024 NY Slip Op 50875(U)

Decided on July 11, 2024

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 11, 2024
Criminal Court of the City of New York, Kings County

The People of the State of New York,

against
Jessica Salazar, Defendant.

Docket No. CR-046595-23KN

Prosecution: Kings County District Attorney's Office by ADA Susana Sosa
Defendant: Michael D. Carlin, Esq.

Joshua Glick, J.

Defendant moves for an order of dismissal on speedy trial grounds alleging that the accusatory instrument is facially insufficient, and the Prosecution's Certificate of Compliance (COC) and Statement of Readiness (SOR) were illusory. Defendant also moves to suppress her statements to police, or in the alternative for a Huntley/Dunaway hearing. Lastly, Defendant moves for a Sandoval/Molineux hearing.
The Prosecution opposes Defendant's challenges to the COC and SOR. They do not oppose Defendant's motion for a Huntley/Dunaway hearing. They will join in Defendant's motion for a Sandoval/Molineux hearing.[FN1]

For the reasons explained more fully herein, Defendant's motion is GRANTED in part and DENIED in part.
 BACKGROUND AND PRIOR PROCEEDINGS
Defendant was arraigned on a misdemeanor complaint on December 21, 2023, charging PL §120.00(1), Assault in the Third Degree; PL §260.10(1), Endangering the Welfare of a Child; PL §145.00, Criminal Mischief in the Fourth Degree; and related charges. On January 12, 2024, the Prosecution served and filed a Superseding Information (SSI). On March 14, 2024, the Prosecution served discovery and filed a COC and SOR. On April 18, 2024, the Prosecution served additional discovery and filed a Supplemental Certificate of Compliance (SCOC) and SOR. Defendant filed the instant motion on May 17, 2024.
Defendant argues that changes to the factual allegations between the original complaint and the SSI create confusion such that she cannot adequately prepare a defense. The original complaint includes only allegations about Defendant's conduct against the complainant (hereafter "KS") and his property in the presence of KS's child, who was nine years old at the [*2]time (hereafter "ES"). The SSI adds a paragraph alleging Defendant also pushed KS's daughter (hereafter "YS"). However, the SSI does not contain any new charges. Defendant argues she cannot adequately defend herself insofar as she does not know for which allegations she is charged, the alleged conduct against KS, YS, or both.
Defendant argues the complaint is facially insufficient as to the charge of PL §120.00(1), Assault in the Third Degree. Specifically, Defendant argues the factual pleadings fail to establish the element of physical injury as defined by PL §10.00(9) and intent to cause physical injury. Defendant argues the complaint is also facially insufficient as to the charge of PL §260.10(1), Endangering the Welfare of a Child because the factual pleadings do not amount to a significant act of domestic violence sufficient to support a conviction for the charge. Finally, Defendant argues the complaint is facially insufficient as to the charge of PL §145.00(1), Criminal Mischief in the Fourth Degree, as the factual pleadings do not indicate a specific intent to damage property. Defendant asserts that the Prosecution's SOR was illusory because the mandatory certification contained therein affirming that all charged offenses are facially sufficient is false.
Defendant also argues the Prosecution's failure to disclose the following items of discovery prior to filing the COC renders it invalid: unredacted Internal Affairs Bureau (IAB) reports for testifying officers; up to date, unredacted Civilian Complaint Review Board (CCRB) allegation history for a testifying officer, and underlying documents related to a report therein listed. Regarding the redactions to Giglio materials, Defendant argues she cannot adequately investigate allegations of misconduct and prepare to cross-examine the officers about them without the names and contact information of those who made the complaints.
If the Court denies Defendant's motion to dismiss, Defendant moves to suppress her statements to police, or in the alternative, to grant a Huntley/Dunaway hearing. Defendant also moves for a Sandoval/Molineux hearing.
The Prosecution argues that the accusatory instrument is facially sufficient as to the charge of PL §260.10(1), Endangering the Welfare of a Child. They concede that it is facially insufficient as to the charges of PL §120.00(1), Assault in the Third Degree and PL §145.00(1), Criminal Mischief in the Fourth Degree. However, the Prosecution argues that their certification of facial sufficiency was made in good faith and therefore does not invalidate their SOR.
The Prosecution argues that their COC and SOR were filed in good faith and valid under CPL §245.50. They assert that they provided all Giglio materials in their possession at the time they filed the COC. They subsequently requested updated materials and properly provided them to Defendant upon receipt. Regarding the Giglio redactions, the Prosecution argues they were proper, as they only cover the officers' dates of birth and ages, and other identifying information not subject to automatic discovery.

 RELEVANT LAW
An accusatory instrument may not contain duplicitous counts; each count may charge one offense only (CPL §200.30). The accusatory instrument must contain a plain, concise factual statement in each count that asserts a defendant's commission of conduct supporting every element of a charged offense with sufficient precision to clearly apprise the defendant what conduct is the subject of the accusation (CPL §200.50[7][a]).
To be deemed facially sufficient, a misdemeanor information must contain non-hearsay allegations of an evidentiary nature that provide reasonable cause to believe that the defendant committed the offenses charged and, if true, the allegations must establish every element of each offense (see People v Alejandro, 70 NY2d 133, 137 [1987]; CPL §100.40[1]). Facial sufficiency is determined by reviewing the factual portion of the accusatory instrument in conjunction with [*3]any supporting depositions. However, the prima facie requirement for the facial sufficiency of an information "is not the same as the burden of proof beyond a reasonable doubt required at trial, nor does it rise to the level of legally sufficient evidence that is necessary to survive a motion to dismiss based upon the proof presented at trial" (People v. Smalls, 26 NY3d 1064, 1066 [2015]). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v. Casey, 95 NY2d 354, 360 [2000]). The court must assume that the factual allegations are true and must consider all reasonable inferences that may be drawn from the allegations (CPL §100.15; Alejandro, 70 NY2d at 135; People v Henderson, 92 NY2d 677 [1999]). The court need not negate every other plausible theory when a reasonable view of the facts establishes the offense charged (People v Dumay, 23 NY3d 518, 525-526 [2014]).
"A person is guilty of assault in the third degree when with intent to cause physical injury to another person, he causes such injury to such person or a third person" (PL §120.00[1]). "'Physical injury' means impairment of physical condition or substantial pain'" (PL §10.00[9]).
"A person is guilty of criminal mischief in the fourth degree when, having no right to do so nor any reasonable ground to believe that he or she has such a right, he or she intentionally damages property of another person" (PL §145.00[1]).
"A person is guilty of endangering the welfare of a child when he or she knowingly acts in a manner likely to be injurious to the physical, mental, or moral welfare of a child less than seventeen years old" (PL §260.10[1]).
"A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person he or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same" (PL §240.26[1]).
Pursuant to the automatic discovery provisions of CPL §245.20(1), the prosecution is required to disclose to the defendant, without motion, a list of enumerated items. Disclosure under this section is limited to "all items and information that relate to the subject matter of the case and are in possession, custody or control of the prosecution or persons under the prosecution's direction and control" (CPL §245.20[1]).
Once such disclosure is made, the prosecution must certify compliance with these discovery obligations by the service and filing of a COC (CPL §245.50[1]). The statute further provides that "[n]o adverse consequences to the prosecution shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in 245.80 of this Article" (Id.).
A statement of readiness is valid only if the prosecution certifies that all counts in the accusatory instrument meet the requirements of CPL §§ 100.15 and 100.40, and those that do not have been dismissed (CPL §30.30[5-a]).
If the prosecution provides additional discovery after filing their COC but prior to trial, they must file a SCOC, detailing the additional materials (CPL §245.50[1]). In the SCOC, the prosecution must also detail the basis for the delayed disclosure so the court may evaluate whether the late disclosure affects the validity of the original COC (CPL §245.50[1-a]; see also People v Bay, 2023 NY Slip Op. 06407 [2023]). The filing of a SCOC shall not affect the validity of the original COC if the COC was filed in good faith after exercising due diligence (id.).
Pursuant to CPL §30.30[1][b], the prosecution must declare trial readiness within ninety [*4]days from the date of commencement of a misdemeanor criminal action. To properly announce trial readiness, the prosecution must certify in good faith compliance with their discovery obligations pursuant to CPL §245.20 (CPL §30.30[5]). "Absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial until it has filed a proper certificate [of compliance]" (CPL §245.50[3]). A defendant seeking dismissal pursuant to CPL §30.30 meets their initial burden by alleging that the prosecution has failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d 289, 292 [2011]).
Once the defendant has shown that there is more than ninety days of delay, the burden of proving the existence of excludable periods falls upon the prosecution (People v Berkowitz, 50 NY2d 333, 349 [1980]). The prosecution must demonstrate that the disputed adjournments are excludable by reference to a statutory provision (People v. Luperon, 85 NY2d 71, 77-78 [1995]; People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; Berkowitz, 50 NY2d at 348-350). The prosecution also bears the burden to clarify, on the record, the basis for an adjournment so that the motion court can determine to whom the adjournment should be charged (Cortes, 80 NY2d at 215-216; People v Liotta, 79 NY2d 841 [1992]; Berkowitz). 

ANALYSIS
Form and Content of the Accusatory Instrument
Defendant's argument regarding confusion arising from the factual pleadings is meritorious. An accusatory instrument "must provide the accused with fair notice of the nature of the charges against him, and of the manner, time and place of the conduct underlying the accusations, so as to enable him to answer the charges and prepare an adequate defense" (People v Keindl, 68 NY2d 410, 416 [1986]). The allegations must be sufficiently specific that, if he is convicted, he may "raise the constitutional bar of double jeopardy against subsequent prosecutions for the same offense" (People v Keindl, 68 NY2s at 416). "Acts which separately and individually make out distinct crimes must be charged in separate and distinct counts" (Keindl at 417; CPL §200.30). Beyond providing the defendant with adequate notice and preventing double jeopardy, the prohibition on duplicity also ensures the reliability of a unanimous verdict (Keindl at 418). However, duplicity is not implicated where several acts comprise a continuous crime or where the statutory definition of a crime does not necessarily contemplate a single act (Keindl at 421).
The SSI alleges that Defendant placed her hands on KS's neck and applied pressure, pushed KS, and pushed YS, all in the presence of nine-year-old ES.[FN2]
Despite alleging that Defendant pushed two distinct individuals, KS and YS, the SSI contains only one count of each charge.
As a preliminary matter, the Court notes that it is undisputed that the charges of PL §120.00(1), Assault in the Third Degree and PL §145.00(1), Criminal Mischief in the Fourth Degree are facially insufficient. Accordingly, the Court will not consider the factual pleadings as they relate to these two counts. This leaves the charge of PL §240.26(1), Harassment in the Second Degree and PL §260.10(1), Endangering the Welfare of a Child.[FN3]

The Court finds that the charge of PL §240.26(1), Harassment in the Second Degree is duplicitous because the factual pleadings could refer to the alleged conduct against KS or to pushing YS (People v Keidl). PL §240.26(1) specifically contemplates the exact conduct alleged here, namely shoving. It is immaterial that the factual pleading does not allege Defendant's intent in pushing YS, as intent can be inferred by the act itself (see People v Dreyden (James), 28 Misc 3d 5 [2010]; People v Lewis, 57 Misc 3d 689 [2017]; People v Withcliffe, 15 Misc 3d 1122[A] [2007]). Because Defendant does not know for which alleged instance of physical contact she is charged, the count of PL §240.26(1), Harassment in the Second Degree is duplicitous and is dismissed without prejudice. The Prosecution is granted leave to amend the charging instrument pursuant to CPL §100.45(3) (see People v Smiley, 28 Misc 3d 1229 [A] [2010]).
On the other hand, the Court finds that the charge of PL §260.10(1), Endangering the Welfare of a Child is not duplicitous. This charge is, by its nature, a crime that may comprise multiple acts (People v Keidl at 421). In other words, this charge may be sustained by considering all the factual allegations together, including the alleged physical contact against both KS and YS in the presence of ES.
As to Defendant's argument that the charge of PL §260.10(1) is facially insufficient, the Court disagrees. The factual pleadings, if credited fully, are sufficient to make out all the elements of the statute. Bearing witness to an act of domestic violence is likely to inflict mental injury to a child, and the child in question was nine years old at the time. It is immaterial that the alleged conduct did not result in any physical injuries (see People v Watson, 182 Misc 2d 644, 646 [1999] ["No injury or actual harm need result from the accused's actions for criminal liability to be imposed"]). Likewise, Defendant's argument that the alleged conduct does not rise to the level of a "significant" act of domestic violence to support a conviction is immaterial, as that is a trial rather than a pleading issue.
Discovery
The Prosecution is required to disclose impeachment materials for testifying police officer witnesses as part of automatic discovery (CPL §245.20[1][k][iv]). This includes any existing disciplinary records and the underlying documents (People v Hamizane, 80 Misc 3d 7 [2023]). The Prosecution is obliged to ascertain the existence of and disclose impeachment materials, even those not in their custody or control, such as CCRB allegation histories and documentation (CPL §§ 245.20[1][k][iv], [2]; People v Hamizane, 80 Misc 3d at 11). The Court credits the Prosecution's statement that they provided the Giglio materials in their possession at the time they filed the COC, and subsequently provided updated materials upon receipt. The Court notes that the SCOC filed on April 18, 2024, does not list any of the underlying Giglio materials the Prosecution purports to have sent. Regardless, the Court declines to invalidate the SCOC on this basis where the Prosecution acted in good faith.
The Court is persuaded by the Prosecution's argument that their redactions to Giglio materials were proper, except for the names of those who made complaints against the officers. CPL §245.20(5) permits a party to withhold portions of a document if, in his or her judgment, good cause exists for doing so. The Prosecution states that they only redacted names, dates of birth, and other personal identifying information from the documents. Defendant does not need to know dates of birth or other personal identifiers to be able to cross-examine the officers about their prior misconduct. However, Defendant must be afforded the names of those making the complaints, without which she cannot adequately investigate the allegations and prepare for [*5]cross-examination. The Prosecution is ordered to amend their redactions accordingly and provide the materials to Defendant within fifteen days. Regardless, the Court finds that the Prosecution fulfilled their disclosure obligation, as they acted in good faith (CPL §§ 245.20[1][k][iv], [5]).
Speedy Trial
This case commenced with the filing of a misdemeanor complaint on December 21, 2023. The Prosecution filed their COC and SOR in good faith on March 14, 2024. The Prosecution is charged eighty-four days.
Hearings
Defendant's motion for a Huntley/Dunaway hearing is granted. Defendant's motion for a Sandoval/Molineux hearing is denied with leave to renew, as the issue is not yet ripe and will be up to the sound discretion of the trial judge.

CONCLUSION
The charges of PL §120.00(1), Assault in the Third Degree and PL §145.00, Criminal Mischief in the Fourth Degree are dismissed, as they are facially insufficient.
The charge of PL §240.26(1), Harassment in the Second Degree is dismissed without prejudice, as it is duplicitous (CPL §200.30).
The remainder of the accusatory instrument stands. Because the Prosecution has not exceeded their ninety-day speedy trial limitation, Defendant's motion to dismiss is denied (CPL §30.30[1][b]).
A Huntley/Dunaway hearing is ordered.
Defendant's motion for a Sandoval/Molineux hearing is denied with leave to renew.
This constitutes the decision and order of the Court.
Dated: July 11, 2024
Brooklyn, New York
Hon. Joshua Glick 
Judge, Criminal Court

Footnotes

Footnote 1:The Prosecution has not yet served Sandoval/Molineux notice but states their intention to do so within the statutorily required period before trial.

Footnote 2:The SSI also alleges Defendant slammed a door which resulted in a mirror shattering.

Footnote 3:The remainder of the accusatory instrument stands, despite the defects in the Prosecution's CPL §30.30(5-a) certification (People v Williams, 207 N.Y.S.3d 332 [2024]; People v Robinson (Najee), 2024 NY Slip Op 50798[U] [holding that even where the prosecution conceded the facial insufficiency of a charge, they were not found to have acted in bad faith in making the CPL §30.30(5-a) certification]).